CITY OF TEXHOMA v. HAVENHILL et al.

No. 15237—Opinion Filed March 3, 1925.

1. **Master and Servant—Workmen's Compensation Law — Review of Awards—Findings Unsupported by Evidence.**

Where the findings of the State Industrial Commission are without any evidence to sustain them and its award made pursuant thereto, such findings and award are reviewable as a matter of law.

2. **Same—Award Vacated.**

Evidence in the instant case examined, and held, that there is no evidence to support the award of the Industrial Commission allowing claimant compensation for the total permanent loss of use of his right hand.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from State Industrial Commission.

Application by R. C. Havenhill for an award under the Workmen's Compensation Act, against the City of Texhoma, as employer. From an award by the Industrial Commission the employer appealed. Award vacated and cause remanded to the Industrial Commission for further proceedings.

Harris & Armstrong, John L. Gilson and Ross Rizley, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for defendants in error.

Opinion by FOSTER, C. This is an appeal from an award made by the Industrial Commission of the state of Oklahoma.

The proceeding before the Industrial Commission was on behalf of R. C. Havenhill as claimant against the city of Texhoma, as respondent, to recover compensation for accidental injuries sustained on September 19, 1922, by coming in bodily contact with a wire or cable used for the transmission of electric current.

On March 8, 1924, pursuant to a hearing had in Oklahoma City on January 27, 1924, the Industrial Commission entered an order awarding the claimant $17.31 a week for 200 weeks from September 19, 1924, for the total and permanent loss of the use of the right hand, and the further sum of $150 for permanent disfigurement of the face, less the sum of $669.78, theretofore paid claimant as salary during the period of disability, making a total award of $2,942.22.

The city of Texhoma has appealed and filed its petition in error in this court to review said order and award. For convenience, reference will be made herein to the parties as they were named in the proceeding before the Industrial Commission.

Counsel for the respective parties agreed that there is but one question here for determination, viz.:

"Whether there was any evidence to support the finding and conclusion of the Industrial Commission that claimant had sustained a total permanent loss of the use of his right hand?"

It is agreed that in the event it should be found there is no evidence to sustain the award, it is reviewable by this court as a matter of law.

There is no dispute that the claimant sustained permanent bodily injuries; that they were accidental and were sustained in the due course of his employment by coming in contact with a live wire for the transmission of electric current.

It is contended, however, that the conclusion of the Industrial Commission that the injury resulted in the total loss of the right hand is not supported by any evidence, and that in this situation the award is reviewable by this court as a matter of law.

We have examined the evidence very carefully and are unable to find therein any support for the conclusion that the claim-

ant sustained a total loss of use of his right hand.

The testimony of Dr. Buchanan, the physician, who examined the claimant for the commission, was to the effect that the right hand was "about one-third normal function." Other testimony introduced showed that the claimant, before the injuries were sustained, was employed by the respondent in the capacity of superintendent of its light and water plant, and that after he had recovered from the effects of the injuries sufficiently, he resumed work in the plant completing one full shift of eight hours, firing the engine in said plant, receiving the same salary of $150 per month that he had received prior to the injuries.

This and other testimony in connection with the testimony of Dr. Buchanan establishes, we think, that the injuries did not result in the total loss of the use of the right hand.

It was shown without conflict that in firing the engine at the light plant and the other duties connected therewith, a limited use of the injured hand would be necessary in grasping and holding the handle of the instrument used in shoveling coal into the fire-box, and we are unable to understand how it would be possible for the claimant to assume the additional duty of firing the engine during an eight hour shift, with entire satisfaction to his employer, if he had been deprived of the total use of the hand.

The evidence introduced established, we think, no more than a permanent partial loss of use of the right hand.

We are not to be understood as holding that because the injury sustained was not total, the claimant will not be entitled to some compensation. As was said by Mr.

Justice Kennamer in Branham v. Carter Oil Co. et al., 87 Okla. 82, 200 Pac. 400:

"The Commission is unauthorized to deny the petitioner compensation for such injury merely because he is able to perform labor. * * * It was never contemplated by the Legislature that as a prerequisite to the injured employe receiving compensation he must receive such an injury as would totally incapacitate him to labor."

The evidence in this case does establish the fact that claimant received a burn on the palmar surface of his right hand extending some six inches upon the wrist and arm, causing the muscles and tendons of the hand to become stiffened, resulting in an impairment of the use of the hand, but not rendering it wholly useless.

In this situation the Commission should have awarded the claimant such compensation as the statute authorizes in cases of this kind.

There is sufficient evidence in the record, we think, to sustain the finding of the Commission to the effect that the claimant has sustained serious facial disfigurement. It discloses that a scar about three and one-half inches or four inches long extends down over the angle of the jaw and that the same is noticeable and gives the impression that the jaw had been broken and that this disfigurement is permanent.

The award of the State Industrial Commission allowing claimant compensation for permanent and total loss of the use of the right hand is set aside and the cause remanded for further proceedings consistent with this opinion.

By the Court: It is so ordered.

Note.—See under (1) C. J.—Cyc. Workmens' Compensation Acts, p. 123; (2) Workmens' Compensation Acts, p. 115.