### FITZSIMMONS v. STATE INDUSTRIAL COM. et al.

No. 15982—Opinion Filed April 7, 1925.

Rehearing Denied May 26, 1925.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law — Finality of Decision Below on Facts.**

The findings of facts by the State Industrial Commission are conclusive upon this court and will not be reviewed by this court where there is any competent evidence to support the same, but in the absence of any competent evidence the question of liability becomes a pure question of law for determination by this court.

2. **Same — Compensation for Temporary Total Disability — Effect of Previous Disease, Aggravated by Injury.**

Where claimant was performing manual labor in a hazardous employment and sustained an injury in the course of such employment resulting in temporary total disability, held, he is entitled to recover compensation during the continuance of such disability, but not in excess of 300 weeks,

at the rate of 66 2-3 per centum of his average weekly wage. Further held, the fact that such employe had prior to such injury a disease or bony growth, unknown to him, and such as did not impair him from performing labor, which disease or growth was aggravated by the injury, the presence of such disease or growth would not prevent the injured claimant from recovering compensation for the entire time of his disability and until such time as it can be definitely determined that the disability caused by such injury has ceased.

Error from State Industrial Commission.

Action by Charles Fitzsimmons, petitioner, against Klinglesmith Engineering & Construction Company, State Industrial Commission, and the Aetna Life Insurance Company, respondents, to reverse an order of the State Industrial Commission. Reversed.

James J. Mars, for petitioner.

George F. Short, Atty. Gen., Baxter Taylor, Asst. Atty. Gen., and Ross & Thurman, for respondents.

RILEY, J. This cause is presented to the court on an appeal from a finding of facts and an order of the State Industrial Commission awarding the claimant, Charles Fitzsimmons, plaintiff in error, compensation from May 24, 1924, to July 5, 1924, on account of an injury received which rendered the claimant "temporarily totally disabled" during said period of time.

The undisputed facts, as disclosed by the record, relative to the injury are as follows: The claimant was accidentally injured while employed by defendant Klinglesmith Engeneering & Construction Company, and by a wrench to the back of claimant while loading a wheeler or scraper used in removing dirt from the streets of the city of Sapulpa. It is agreed that claimant was engaged in a hazardous employment. On account of physical disability claimant has been unable to work since the date of the injury. The claim of the injury and disability was filed by claimant, in due time, with the State Industrial Commission against the above named employer and the Aetna Life Insurance Company, the insurance carrier. A hearing was had, and the commission made the following finding of facts in its award, over which findings the dispute arose: "That as a result of said injury the claimant was temporarily totally disabled from performing his work from May 24 to July 5, 1924."

The claimant filed his petition and motion to modify the order of the commission, wherein he set up that evidence had been presented showing conclusively the acci-

dental injury and the continuance of disability up to and including the date of the last hearing before the commission, had on October 14, 1924, and claimed that under the Workmen's Compensation Law he was entitled to continuous compensation at 66 2-3 per centum of his average weekly wage until his disability ceased, not exceeding, however, 300 weeks.

On November 12, 1924, the commission overruled the petition and motion of claimant on the grounds that "the said petition and motion does not conform to the provisions of Rule 30 of the Rules of the State Industrial Commission." From the order and ruling, claimant perfects his appeal to this court. Rule 30 of the State Industrial Commission is as follows:

"Rehearing. Any party, or parties, aggrieved or dissatisfied with an award, order or decision of the commission may at any time within 30 days after the service of same apply for a rehearing on the grounds that the commission acted without, or in excess of its power; that the order, decision or award was procured by fraud; that the evidence does not justify the findings; that the applicant has discovered new evidence; that the findings do not support the order, decision or award. * * * If the grounds upon which a rehearing is requested are that the evidence does not justify the findings, or that the findings do not support the decision or award, the application or motion shall state specifically wherein the findings are not supported by evidence or wherein the decision or award is not justified by the findings. * * *

"The movant shall file with the commission four typewritten copies of such motion; and if it is desired to present argument thereon, four typewritten copies of brief together with proof of service of a copy thereof upon the adverse party or parties, or attorney of record for such parties. Such motion for rehearing and brief in support thereof will thereupon be examined by the commission and if, in its opinion, justice will be subserved thereby, a rehearing will be granted and the award, order, or decision complained of will be vacated within 25 days from the date thereof."

The last paragraph of the above rule was added by amendment on November 17, 1924.

The petition and motion of claimant was filed with the commission and acted on by it on November 12, 1924, and overruled five days before the amended Rule 30 took effect. No doubt the commission had in mind the amended Rule 30 when it overruled the petition and motion of claimant, in that claimant had not complied with the amended rule in giving notice and furnishing the four copies, as required. It is observed that such

was not required by the rule in force at the date of the filing and overruling of the petition and motion of plaintiff. It appears that claimant had complied with the rule of the commission in force at the time the petition and motion was so filed.

The claimant presents two assignments of error, which are as follows: First, the commission committed an error or mistake in its conclusion that the disability ceased and the compensation to claimant should stop at the date fixed by it, July 5, 1924, and is contrary to its findings of facts and law applicable. Second, the commission was in error in refusing to correct its order under the petition and motion filed therefor and overruled by it on November 12, 1924.

The one question considered here is whether there is any competent evidence reasonably tending to support the findings, order, and award of the State Industrial Commission, in that part of the findings of facts by the State Industrial Commission the temporary total disability, resulting from the injury sustained on May 24, 1924, ceased on the date of July 5, 1924. Choctaw Portland Cement Company v. Lamb, 79 Okla. 109, 189 Pac. 750; Board of County Commissioners v. Barr, 68 Okla. 193, 173 Pac. 206; Wilson Lumber Company v. Wilson, 77 Okla. 312, 183 Pac. 667; Stephenson v. State Industrial Commission, 79 Okla. 228, 192 Pac. 530; Booth & Flynn v. Cook, 79 Okla. 280, 139 Pac. 36.

The claimant showed by testimony which was undisputed that at the time of the last hearing hereon, October 14, 1924, he was yet disabled from performing any kind of work. It was undisputed that he performed satisfactory work up until the time of the injury and that prior thereto he had never suffered any kind of injury, but had performed the hardest kind of labor in firing a freight locomotive, digging ditches, shoveling shale, lifting rock, and loading "wheelers."

The defense was that claimant had a growth or disease, a bony formation connected with the vertebra, known as "osteo-arthritis" or "ankylosis," but, as heretofore recited, the evidence showed claimant continuously performing heavy manual labor until the time of the injury, which injury resulted in a finding by the State Industrial Commission of temporary total disability on the part of claimant. No witnesses fixed the time or the date when this disability ceased, nor do any of the eminent physicians who testified, nor other witnesses, for that matter, fix the time or date of the beginning of disability from "osteo-arthritis" or "ankylosis."

Dr. Levy testified:

"Q. If, before this injury this man was able to perform labor of the character he was performing at the time he was injured, unless there was something to disturb that condition that existed there, he could have continued a fairly well or physical man, could he not? A. Yes, sir. Q. The kind of injury you found this man suffering from at this time, you took the X-ray, if that had been existing for 30 days before that time, at which time, he was able to perform manual labor without pain, would naturally result in aggravation of such an existing condition, would it not? A. Yes, sir; it would."

Dr. McCollum testified that he was called May 26th to treat claimant; that he found the patient suffering with back pains; that he attended him for some time and until about three weeks prior to the hearing; that the injury or sprain was caused by a severance in his spinal column; that he had attended claimant, before the injury, for malaria while he worked for the "Frisco," but never had he attended him for an injury or for spine trouble; that he made an X-ray photograph of the injury which showed a callous formation; that there had been some injury of the spinal process causing a callous formation and stiffening of the spinal column; that the callous formation had been disturbed or aggravated by this injury.

We think the evidence as a whole clearly shows that claimant had an unnatural growth described by all the physicians, which, until the time of the injury, was unknown to the claimant, or at least never impaired his ability as a workman.

Dr. McGill testified for respondent:

"Q. I would like to know whether or not in your opinion from your examination that you can state definitely to the court whether or not this claimant is suffering from an aggravation of this due to his injury? A. I couldn't say."

Dr. Ralph Smith testified:

"Q. Could a patient suffering with the character of bony growth in the vertebra, such as shown by Mr. Fitzsimmons, do manual labor when there was no fracture or break to aggravate that trouble? A. He could. Q. Suppose that the extra growth or 'ankylosis' existed as in the case of Fitzsimmons and he was daily continuing performing heavy manual labor he received an injury that caused a break or fracture or interruption of that condition, would that incapacitate him from doing manual labor? A. Yes. I think it would."

Three months after the injury received by this man, upon examination of him by various physicians, there was found an excessive marked rigidity of the abdominal muscles, a marked rigidity of the lumbar and spinal muscles. The claimant was found to be entirely disabled, yet a patient with a disease which might be arrested to such an extent, by proper treatment, that he could do manual labor in later years. The claimant testified that he had not sustained an injury since the date of the one upon which this claim is based.

Session Laws 1923, page 120:

"Injury or personal injury means only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally result therefrom."

Section 7290, Comp. St. 1921:

"The fact that an employe has suffered previous disability or received compensation therefor shall not preclude him from compensation for a later injury."

We conclude that in the hearing there was no competent evidence showing that the disability of claimant ceased on the date fixed by the State Industrial Commission. The cause is therefore remanded, with directions that compensation be ordered until final determination by the commission, not to exceed the limitation expressed by the statutes, and that the State Industrial Commission further hear and determine the extent and time of this disability.

NICHOLSON, C. J.; BRANSON, V. C. J., and HARRISON, MASON, PHELPS, HUNT, LESTER, and CLARK, JJ., concur.

Note—See C. J. Cyc.—Workmen's Compensation Acts: Under (1) pp. 122, 123 § 127; (2) pp. 94, 95 §§ 82, 83, 84.