### FITZSIMMONS v. STATE INDUSTRIAL COMMISSION, et al.

No. 16698—Opinion Filed Nov. 10, 1925.

(Syllabus.)

**Master and Servant—Workmen's Compensation—Decisions Followed.**

The syllabus in the case of Fitzsimmons v. State Industrial Commission et al., 108 Okla. 276, 236 Pac. 616, is adopted as the syllabus here.

Error from State Industrial Commission.

Action by Charles Fitzsimmons, petitioner, against Klinglesmith Engineering & Construction Company, State Industrial Commission, and the Aetna Life Inurance Company, respondents, to reverse an order of the State Industrial Commission. Affirmed.

James J. Mars, for petitioner.

George F. Short, Atty. Gen., Fred Hansen, Asst. Atty. Gen., and Ross & Thurman, for respondents.

RILEY, J. This cause presents a second appeal between the parties from orders and awards of the State Industrial Commission growing out of a claim for compensation for injury received by Charles Fitzsimmons. The original opinion by this court was in cause No. 15982, 108 Okla. 276, 236 Pac.

616, and the syllabus in that case is adopted as the syllabus here.

Charles Fitzsimmons sustained an injury while engaged in hazardous employment at Sapulpa and while employed by the Klinglesmith Engineering & Construction Company. The claim for compensation being properly presented, the State Industrial Commission found the facts as heretofore recited regarding the employment and accident, and found, further, "the claimant suffered a temporary total disability." Payment of compensation was awarded from May 24, 1924, to July 5, 1924, and from the order and award an appeal was had to this court, and it was here decided that no competent evidence was adduced at the hearing before the Commission which showed the disability of claimant had ceased on the date fixed by the Commission. The cause was reversed, with directions that "compensation be ordered until final determination by the Commission, not to exceed the limitations expressed by the statutes, and that the State Industrial Commission further hear and determine the extent and time of this disability". The mandate of this court was issued June 5, 1925, and upon receipt of the same the Commission issued the following order under date of July 1, 1925:

"It is therefore ordered that within ten days from this date respondent or insurance carrier herein pay to the claimant compensation at the rate of $13.85 per week computed from July 5, 1924, to the 14th day of October, 1924, in a total sum of $198.52, and that this cause be placed on the Sapulpa docket to take further testimony relating to the time and extent of disability resulting from said accidental injury."

On July 3rd, the claimant filed exceptions and a motion to rehear and modify the said order. The Commission overruled this motion, from which action the instant appeal is had.

It is contended by claimant that he is entitled to be paid continuous compensation until the Commission has heard evidence and finally determined the extent and time of disability and that compensation should not stop on October 14, 1924.

The order of the Commission of July 1st is a temporary one. It is not apparent that it is intended to stop the compensation on October 14th. The order directs payment of compensation to the last day of the hearing prior to the appeal, and sets the matter down for hearing on the Sapulpa docket for the purpose of ascertaining the extent of disability in accordance with the directions contained in the opinion of this court. If this were a final order of the Commission, it might with reason be said that this error is the same as the one complained of in the first appeal. We find no fault with the action of the Commission in the issuance of its temporary order.

The second paragraph of the syllabus in the original opinion stated that the injured claimant, under the facts and circumstances of the case, was entitled to compensation for the entire time of his disability, and until such time as it could be definitely determined that the disability caused by the injury had ceased.

It is a presumption of law that officers will do their duty. The record shows that the State Industrial Commission has in this matter earnestly endeavored to carry out the spirit, intent, and letter of the mandate in cause No. 15982, supra.

The claimant's compensation is to be measured by the extent of his disability caused by the accident and not the date of hearing or trial. The Commission, in the first instance, found the accident and the resultant disability. This court said in its opinion that, since the claimant was yet disabled, it would be presumed, in the absence of proof to the contrary, that his disability was caused by the accident and not disease; and the cause was remanded with directions to the State Industrial Commission to "hear and determine the extent and time of this disability".

We are now of the opinion that there is no merit or cause for this appeal, inasmuch as the Commission was speedily endeavoring to do exact justice between this injured workman and his employer. It appears that delays have only been occasioned by the request of the claimant. It appears likewise that the Commission, following the mandate of this court, was endeavoring to determine the extent and time of claimant's disability, traceable to the accident, for the purpose of ordering payment for such compensation for a period of time beginning with the accident and continuing until the time it affirmatively appears that the disability resulting from the accident has ceased.

The order of the State Industrial Commission is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT, and CLARK, JJ., concur.