### WILSON v. MID-CO PETROLEUM CO. et al.

No. 16226—Opinion Filed Feb. 2, 1926.

**Master and Servant—Workmen's Compensation Law—Finality of Decision as to Facts.**

The decision of the State Industrial Commission as to all matters of fact is final where there is any evidence tending to support the finding.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from Industrial Commission.

Application of William D. Wilson against the Mid-Co Petroleum Company, Federal Surety Company, and State Industrial Commission, to set aside an order of the Industrial Commission. Application denied.

Darnell & LaRue, for petitioner.

George Short, Atty. Gen., and Ames, Lowe, Richardson & Cochran, for respondents.

Opinion by FOSTER, C. This is an original proceeding instituted in this court by William D. Wilson, to review an order of the Industrial Commission denying claimant compensation for an accidental injury alleged to have been sustained by him as an employe of the Mid-Co Petroleum Company. The Federal Surety Company was the insurance carrier. William D. Wilson will be hereinafter designated as petitioner and Mid-Co Petroleum Company, Federal Surety Company, and the State Industrial Commission as respondents.

The Industrial Commission, among other things, found:

"That any disability suffered by the claimant was not the result of an alleged accident sustained by him while in the employment of respondent on the 8th day of November, 1924. The Commission is of the opinion, by reason of the aforesaid facts, that the claim of the claimant for compensation should be denied and the cause dismissed. It is therefore ordered that the claim of the claimant to compensation be and the same is hereby denied, and the cause dismissed."

It is agreed that there is but one proposition for this court to determine, and that is whether there was any evidence to sustain the finding of the Industrial Commission, to the effect that the disability suffered by petitioner was not the result of an accident sustained by him while in the employment of the respondent. It is conceded that if there is any evidence reasonably tending to support such finding, the same is binding upon the Supreme Court, but it is urged that the finding complained of is without any evidence to support it, and that therefore it is reviewable as a matter of law.

In the hearing before the Industrial Commission the petitioner testified that he was employed by the Mid-Co Petroleum Company as warehouseman, and that on the 8th day

of November, 1924, he went to load a car of gasoline at the loading rack of the respondent in Noble county, climbed on top of the tank car, and while attempting to unscrew a tap from the dome of the car, and while attempting to place a two-inch pipe in the tank, suffered a cramp in the calf of his right leg; that he did not remember striking his leg against anything except the pressure on the leg occasioned by lifting the cap and in holding on to keep from falling from the top of the tank car; that the pain gradually increased until November 25, 1924, at which time the leg was amputated by Dr. Mayberry; that in the interim between the date of the injury and the date of amputation, he consulted Dr. Baker and Dr. Hudson, both of whom, together with Dr. Mayberry, testified at the hearing before the Industrial Commission which was had on February 16, 1925.

There was a direct conflict in the testimony of the examining physicians as to the origin of the disability. All of them agreed that petitioner was suffering from an occlusion of the artery in the right leg, superinducing gangrene below the knee, and making the amputation of the leg imperative. They were also in agreement that by the occlusion of an artery was meant the plugging up of the artery, cutting off the flow of blood in the affected member. Dr. Hudson testified, however, that gangrene was an infection caused either by some foreign substance in the circulation entering a blood vessel and plugging it up, or on account of the thickening or hardening of the muscular walls of the artery, or thickening of the blood, causing the artery to stick together, and that it was very unlikely for an occlusion to result from an external injury unless the injury was so severe as to tear and lacerate the arteries, causing the blood to clot, and he pointed out in that connection that the occlusion of an artery rarely resulted even in cases of compound fractures accompanied by bruising and laceration of the muscular tissue. He further pointed out that in extreme cases of injury from external causes, the problem confronting surgeons was to keep down infection, and not so much in keeping the circulation in the injured member intact, and that if it were possible to keep down infection, except in very rare and extreme cases, it would not be difficult to avoid amputation. There is no evidence in this case of any external injury, such as Dr. Hudson referred to in his testimony, of that severe type which might cause an occlusion of the artery, and from his testimony the only way in which the disability could be accounted for would

be from internal causes, such as the presence of a foreign substance in the circulation or the closing of the walls of the artery due to a thickening or hardening of the walls thereof. It is true Drs. Baker and Mayberry testified that in their opinion the disability was the result of an injury of some kind, but they testified that no external evidence of such injury appeared, and neither of them was very definite or specific in reference to the nature and extent of an external injury which could cause an occlusion of the artery. The petitioner himself could remember no injury resulting from external violence, unless the pressing of the leg on the top of the dome of the tank car in unscrewing the tap could be regarded as external injury.

On the whole case there was, in our judgment, evidence fully justifying the Industrial Commission in finding and concluding that the disability complained of did not arise out of and in the course of his employment, and that it was not compensable under the Workmen's Compensation Act.

It has been held in a number of cases that:

"The decision of the State Industrial Commission as to all matters of fact is final where there is any evidence tending to support the finding." Hidden Treasure Coal Co. and U. S. Casualty Company v. Joe Urist and State Industrial Commission, 112 Okla. 245, 240 Pac. 640.

The prayer of petitioner to set aside the order is therefore denied.

By the Court: It is so ordered.

Note.—See Workmen's Compensation Acts C. J. p. 122 §127; anno. L. R. A. 1917D, 188; 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1868; 5 R. C. L. Supp. p. 1580.