## FITZSIMMONS v. STATE INDUSTRIAL COMMISSION et al.

No. 17156—Opinion Filed Oct. 19, 1926.

1. **Master and Servant—Workmen's Compensation Law—Appeal—Conclusiveness of Findings of Fact.**

The findings of fact of the State Industrial Commission, to be conclusive upon this court, must be supported by some competent evidence.

2. **Same—Compensation for Temporary Total Disability—Effect of Previous Disease Aggravated by Injury.**

"Where claimant was performing manual labor in a hazardous employment and sustained an injury in the course of such employment, resulting in temporary total disability, held, he is entitled to recover compensation during the continuance of such disability, but not in excess of 300 weeks, at the rate of 66 2-3 per centum of his average weekly wage. Further held, the fact that such employee had prior to such injury a disease or bony growth, unknown to him, and such as did not impair him from performing labor, which disease or growth was aggravated by the injury, the presence of such disease or growth would not prevent the injured claimant from recovering compensation for the entire time of his disability and until such time as it can be definitely determined that the disability caused by such injury has ceased." Fitzsimmons v. State Industrial Commission et al., 108 Okla. 276, 236 Pac. 616.

3. **Same—Changed Condition Justifying Discontinuance of Compensation—Burden of Proof.**

Where it is admitted that the claimant was totally disabled as a result of an injury, such claimant is entitled to compensation during the continuance of the disability, not exceeding 300 weeks, and where such disability continues and the employer and the insurance carrier seek to escape further liability upon the ground that the effects of the injury have ceased, and that the claimant's continuing disability results from other causes, the burden of proving such change of condition is upon the employer.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from State Industrial Commission.

Original action by Charles Fitzsimmons to review order of the State Industrial Commission discontinuing Workmen's Compensation. Remanded.

James J. Mars, J. H. N. Cobb, and C. B. Stuart, for petitioner.

Ross & Thurman, for respondents.

Opinion by DICKSON, C. The record in this proceeding discloses that Charles Fitzsimmons was in the employ of the Klinglesmith Engineering & Construction Company on the 24th day of May, 1924; that on said date the petitioner was engaged in loading and filling scrapers, and in the course of employment received an injury consisting of a severe strain or wrench to his back.

On November 7, 1924, the State Industrial Commission, after a hearing upon proper notice, found that the petitioner had been injured while in the employ of the respondent and in the course of his employment, resulting in his temporary total disability from May 24, 1924, to July 5, 1924, and pursuant to said finding ordered the respondent or insurance carrier to pay to the petitioner $73.87 in full and final settlement of said cause.

A motion to modify said order was overruled by the State Industrial Commission, and an original proceeding was had in this court to review said order (Charles Fitzsimmons v. State Industrial Commission et al., 108 Okla. 276, 236 Pac. 616), and in an opinion by Mr. Justice Riley, the finding of the Industrial Commission, to the effect that the disability resulting from the injury ceased on July 5, 1924, was reversed. Thereafter, and on July 1, 1925, the State Industrial Commission made a further order, allowing the petitioner compensation from July 5, 1924, to October 14, 1924. The petitioner instituted an original proceeding in this court to review the last-mentioned order (Charles Fitzsimmons v. State Industrial Commission, 113 Okla. 230, 241 Pac. 174). The order was affirmed by this court, upon the ground that it was temporary in its nature, the court remarking:

"The order of the commission of July 1st is a temporary one. It is not apparent that it is intended to stop the compensation on October 14th. The order directs payment of compensation to the last day of the hearing prior to the appeal, and sets the matter down for hearing on the Sapulpa docket for the purpose of ascertaining the extent of disability in accordance with the directions contained in the opinion of this court. If this were a final order of the commission it might with reason be said that this error is the same as the one complained of in the first appeal. We find no fault with the action of the Commission in the issuance of its temporary order."

Afterwards, further testimony was taken in the case by depositions and before the State Industrial Commission, and on January 7, 1926, the said State Industrial Commission made the following finding and order:

"1. That the injury sustained by claimant on the 24th day of May, 1924, while in the employment of respondent and arising out of same, was a strain of muscles in the lumbar regions of the back, and that no fracture or other injuries of the vertebra were sustained by the claimant as a result of said accident.

"2. That claimant is at this time disabled from the performance of ordinary manual labor, and that such disability is caused by osteo-arthritis, and that the said accident and muscular strain resulting therefrom did not cause, exaggerate, accelerate or otherwise affect the said osteo-arthritis.

"3. That the disability of the claimant resulting from said muscular strain caused by said accidental injury did not extend beyor 1 October 14, 1924, to which the claimant received compensation.

"It is therefore ordered: That the c aim of the claimant for further compensation be and same is hereby denied and this cause dismissed."

The petitioner prosecutes this proceeding to review the foregoing finding and order. It will be observed that it was found and determined that the petitioner was totally disabled from May 24, 1924, until October 14, 1924, as a result of the injury. It is conceded that the petitioner was totally disabled from the time of receiving the injury on May 24, 1924, until the final hearing of this case; that there was no change in his condition between May 24, and November 16, 1925, nor was there any material change in the evidence. As said by Justice Riley in Fitzsimmons v. State Industrial Commission, supra:

"The defense was that claimant had a growth or disease, a bony formation connected with the vertebra, known as 'osteo-arthritis' or 'ankylosis,' but, as heretofore recited, the evidence showed claimant continuously performing heavy manual labor until the time of the injury, which injury resulted in a finding by the State Industrial Commission of temporary total disability on the part of claimant. No witnesses fixed the time or the date when this disability ceased, nor do any of the eminent physicians who testified, nor other witnesses, for that matter, fix the time or date of the beginning of disability from 'osteo-arthritis' or 'ankylosis.' "

The court then quotes at length from the testimony of the expert witnesses, to the effect that an injury such as received by the petitioner would likely result in aggravation of the disease of osteo-arthritis or ankylosis.

The theory of the respondent at the last

hearing was that the injury sustained by the petitioner consisted of a sprain of the muscles of his back, and it was testified by two experts, that muscular injuries to the back would ordinarily get well in the course of from four to six weeks, and upon the theory that said injury was wholly muscular, these experts gave it as their opinion that the petitioner had fully recovered from that injury, and it is argued that the testimony of these witnesses was some evidence, and that this court will not disturb the finding of the State Industrial Commission where there is any evidence tending to support such finding. U. S. Fidelity & Guaranty Co. v. State Industrial Commission, 112 Okla. 230, 240 Pac. 634; Hidden Treasure Coal Co. v. Urist, 112 Okla. 245, 240 Pac. 640; Rock Island Coal Mining Co. v. U. S. Fidelity & Guaranty Co., 112 Okla. 250, 240 Pac. 635; Oklahoma Gas & Electric Co. v. Thomas, 115 Okla. 67, 241 Pac. 820; Board of Commissioners, Cleveland Co., v. Lamb, 79 Okla. 109, 189 Pac. 750.

We recognize this rule, but we do not recognize, under the admitted facts in this case, that the opinion of the experts referred to was of any probative force whatever. The opinion of skilled physicians is competent to prove the cause, extent, and duration of the injury, and frequently the only evidence that the nature of the case will permit; but the opinion of an expert, to be competent, must be based upon facts admitted or established. The testimony of the experts in this case was to the effect that, if the injury only affected the muscles surrounding the vertebra affected by osteo-arthritis, then such injury would disappear in from six to eight weeks, but if the injury was such as to involve the parts of the vertebra affected by osteo-arthritis, such injury would be permanent. There were no facts, proven or admitted, to warrant the assumption that the injury complained of did not involve the affected vertebra.

The Industrial Commission found that the petitioner was disabled as a result of the injury for nearly five months, twice as long as would have been expected had the injury been only muscular. As said by Justice Riley in the former opinion:

"No witnesses fixed the time or date when this disability ceased, nor do any of the eminent physicians who testified, nor other witnesses, for that matter, fix the time or date of the beginning of disability from 'osteo-arthritis' or 'ankylosis.'" Branham v. Carter Oil Co., 87 Okla. 80, 209 Pac. 400; City of Texhoma v. Havenhill et al., 109 Okla. 302, 234 Pac. 197.

We conclude, therefore, that there was no competent evidence tending to show that the disability of the petitioner, suffered on May 24, 1924, had ceased on October 14, 1924. This case is remanded, with directions that compensation be ordered for the petitioner until such time as the respondent by competent evidence establishes that the disability has been removed, not exceeding, however, the limitation fixed by statute.

By the Court: It is so ordered.

Note.—See under (1) C. J. p. 123, §127; anno. L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. p. 823. (2) C. J. p. 95, §84 (Anno.); anno. L. R. A. 1916A, pp. 228, 292; L. R. A. 1918F, 868; 28 R. C. L. p. 818: 5 R. C. L. Supp. p. 1577. (3) C. J. p. 132, §151.