**OXFORD v. TEXAS CO. et al.**

No. 18085. Opinion Filed Jan. 24, 1928.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Time for Commencing Action to Review Decision.**

An action in the Supreme Court to review an award or decision of the Industrial Commission may be commenced at any time within 30 days after a copy of such award or decision has been sent to the parties affected, and is not limited to within 30 days of the date of such award.

2. **Same—Cases Overruled.**

The cases of Sandoma Petroleum Company v. Tow, 90 Okla. 276, 217 Pac. 412, and Ward v. Beatrice Creamery Co., 117 Okla. 31, 245 Pac. 570, are specifically overruled, in so far as they hold that a proceeding in the Supreme Court to review an award or decision of the Industrial Commission must be filed within 30 days from the date of such award or decision.

3. **Same—Review—Finality of Findings of Fact.**

A finding of fact made by the Industrial Commission upon issues of fact involved in the trial of a cause is final, and this court is not authorized to weigh the evidence on a review of the judgment to determine the sufficiency thereof.

4. **Same—Order Discontinuing Compensation Sustained.**

Record examined; and held to be sufficient to support the judgment of the Industrial Commission.

Original proceeding in the Supreme Court by J. A. Oxford to review a decision of the State Industrial Commission in favor of the Texas Company and the U. S. Fidelity & Guaranty Company wherein the Commission discontinued further payment of compensation to petitioner. Petition denied.

Fred A. Graybill, for petitioner.

Rittenhouse, Lee, Webster & Rittenhouse and J. Fred Swanson ,for respondents

Texas Company and U. S. Fidelity & Guaranty Company.

MASON, V. C. J. This is an original proceeding in this court to review the finding and decision of the State Industrial Commission.

The petitioner received an accidental injury on January 11, 1926, while in the employment of the Texas Company, after which the insurance carrier, U. S. Fidelity & Guaranty Company, paid him compensation to and including April 4, 1926. Thereafter, motion by the respondent and the insurance carrier was filed before the Industrial Commission to discontinue such compensation to the petitioner as of April 4, 1926. The Commission, after a hearing on said motion, rendered its decision on December 4, 1926, finding that the disability sustained by the claimant, as a result of his accidental injury on the 11th day of January, 1926, while in the employment of respondent, did not extend beyond the 4th day of April, 1926, and sustained the motion of the respondent and the insurance carrier to discontinue compensation as of April 4, 1926.

The petition for review was filed in this court on January 5, 1927. The respondent and insurance carrier have filed their motion to dismiss said proceeding for the reason that it was not commenced within the time provided by law, and that, therefore, this court is without jurisdiction in the matter.

Counsel cite and rely upon the cases of Sandoma Petroleum Co. v. Tow, 90 Okla. 276, 217 Pac. 412, and Ward v. Beatrice Creamery Co., 117 Okla. 31, 245 Pac. 570, wherein the rule is announced as follows:

"The petition to review the award of the Industrial Commission not having been filed in this court within 30 days from the date of the award, the appeal is dismissed."

Section 7297, C. O. S 1921, provides the method of reviewing awards of the Industrial Commission, and provides, in part, as follows:

"The award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within 30 days after a copy of such award or decision has been sent by said Commission to the parties affected, an action is commenced in the Supreme Court of the state to review such award or decision."

It will be observed that the section just quoted authorizes the filing of an action in this court to review an award of the Industrial Commission at any time within 30 days after a copy of such award or decision has been sent to the parties affected. The record in the instant case discloses that a copy of the decision of the Commission was sent by it to all the parties affected on December 7, 1926. The instant case was commenced on January 5, 1927, and, therefore, within the time provided by law. The motion to dismiss must, therefore, be denied.

The cases of Sandoma Petroleum Co. v. Tow, supra, and Ward v. Beatrice Creamery Co., supra, in so far as they are in conflict with the rule herein announced, are specifically overruled.

The petitioner assigns several errors in support of his contention that the decision of the Commission should be reviewed and vacated, but all of them can be considered under the general proposition that there was no competent evidence to support the decision of the Commission. Counsel cites Fitzsimmons v. State Industrial Commission, 120 Okla. 31, 250 Pac. 111, wherein it is held:

"That the findings of fact of the Industrial Commission, to be conclusive upon this court, must be supported by some competent evidence."

The rule, however, is equally well established that where there is any competent evidence which reasonably tends to support the finding and award of the Industrial Commission, the same is conclusive and will not be disturbed by this court on appeal. Sun Coal Co. v. State Industrial Commission, 84 Okla. 164, 203 Pac. 1042; Scruggs Bros. & Bill Garage v. State Industrial Commission, 94 Okla. 187, 221 Pac. 470; Grace v. Vaught, 108 Okla. 187, 235 Pac. 590.

Was there any competent evidence to sustain the finding of the Commission and justify its order permitting the respondent to discontinue compensation as of April 4, 1926? If so, the petition must be denied.

The evidence discloses that the petitioner was injured while cleaning a still in an oil refinery of the respondent company by being struck upon the head by a falling piece of steel; that thereafter, on the 4th day of April, 1926, he again went to work for the company as an assistant on a dredge boat; that a short time after going to work, he had a fainting spell or fit which rendered him unconscious for several minutes. A short time thereafter, he ceased working for the respondent and so far as the record discloses had no other employment until July 2nd, when he was employed as a clerk in a grocery store. The evidence also discloses that he lost his position on the dredge boat because the man under whom he was

working thought he might have another fainting spell or fit and fall in the river and drown.

Counsel for petitioner, in the brief, urge that these fainting spells or fits were a result of the injury suffered on January 11th and that the petitioner was not able to return to work on April 4th. This may, or may not be the case. There is no evidence that the petitioner was not subject to these spells before receiving said injury, nor is there any evidence that said injury was the cause of these spells.

We have examined the entire record, and we cannot say there is no evidence to support the finding and decision of the Industrial Commission.

Complaint is also made that the compensation paid the petitioner from January 11th to April 4th lacked $1.38 per week of being the amount of compensation to which he was entitled. The evidence discloses that petitioner had no regular employment, and it is uncertain and indefinite as to his monthly wages, and, therefore, the amount of compensation to which he was entitled is more or less uncertain. The amount of compensation to which the petitioner was entitled is not involved in the order before us, but only the right of the Commission to discontinue the payment of compensation.

It is also contended that the Commission erred in not finding that the petitioner had lost the vision of his right eye by reason of said accident. Several physicians, who examined the petitioner at various times from the date of the injury to the hearing, testified as witnesses in the case. Almost without exception, they testified that they had examined the petitioner's right eye thoroughly and carefully and found no evidence to indicate that he had lost the vision in that eye. They also testified that they had made so-called malingerer's tests and were able to demonstrate to their satisfaction that there was vision in the right eye of the petitioner. Some of the doctors testified as to a positive test and proof that the petitioner was falsely claiming that he could not see with his right eye. From all the evidence in the case, we are of the opinion that the Commission was justified in finding that the petitioner had not suffered any impairment of his vision. Conceding, however, that his vision was defective, there is nothing in the record to disclose that it was caused by the accident complained of.

Counsel for petitioner rely very largely upon the testimony of Dr. Harry Price, who examined the claimant at the request of the Commission, but we can find nothing in his testimony which supports the contention of counsel. On the contrary, we find the following questions and answers by Dr. Price:

"Q. Were you able to determine what caused impairment of vision in the right eye? A. No, the eye upon examination showed no pathology that I could see. Q. Is it possible for the vision to be impaired from a blow on the head? A. Yes, sir. Q. Now, if there is an impaired vision from a blow on the head, just what is it that produces the loss of vision from such a cause? A. It might be two things. One of the two things might be pressure on the optic nerve or it might be a cataract of some kind or direct injury upon the nerve farther back. Q. Now, with either of those causes, would it be possible to find pathology upon examination? A. If it is long enough after the injury, it would be present. Q. How soon after the injury? A. This injury was on January 11th, which was long enough and should show up,* * *A. I doubt there being an impairment of vision now in the right eye."

From a careful examination of the record in this case, and the testimony taken at two hearings before the Industrial Commission, we are forced to the conclusion that there was ample evidence to support the findings of fact and the decision of the Industrial Commission. This being true, the same is binding upon all parties and upon this court.

The prayer of the petitioner that said decision be vacated is denied.

BRANSON, C. J., and PHELPS, LESTER, HUNT, RILEY, and HEFNER, JJ., concur.

Note.—See under (1, 2) Workmen's Compensation Acts—C. J. p. 119, §123; 28 R. C. L. p. 827; 5 R. C. L. Supp. p. 1580; 6 R. C. L. Supp. p. 1675. (3) Workmen's Compensation Acts—C. J. p. 122, §127; anno. L. R. A. 1916A, 266; L. R. A. 1917D, 188; 13 A. L. R. 722; 30 A. L. R. 1277; 35 A. L. R. 1081; 39 A. L. R. 323; 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1580; 6 R. C. L. Supp. 1766. (4) Workmen's Compensation Acts—C. J. p. 115, §114.