### SANDERS v. ROCK ISLAND COAL MINING CO. et al.

No. 19397. Opinion Filed March 5, 1929.

Rehearing Denied Sept. 10, 1929.

W. N. Redwine and Erman S. Price, for petitioner.

Keaton, Wells, Johnston & Barnes and Edwin Dabney, Atty. Gen., for respondents.

RILEY, J. Petitioner Sanders was injured on December 22, 1926, while employed in the coal mine of the respondent. His left arm was caught between a pit car and a prop in the mine. He has been unable to use his arm for manual labor since the date of the injury.

Petitioner's left arm was previously injured by being broken in the year 1915, when he was working in a coal mine in Alabama. He was disabled from the prior injury for several months; however, he resumed work and later labored in the coal mines of Pennsylvania. Subsequently he came to Oklahoma and continued to earn wages by his labor in the coal mines equal in amount to those of his associates who were similarly employed.

The Industrial Commission found:

(1) That petitioner, in the course of and arising out of his employment, on December 22, 1926, sustained an accidental personal injury, as a result of which he was temporarily totally disabled from the date of said injury to March 6, 1927 (approximately 10 weeks); and,

(2) That claimant's permanent disability, if any, is not the result of, or directly attributable to the injury of December 22, 1926, but to a prior injury.

The petitioner appeals, contending that he is entitled, under the evidence, to recover for loss of use of his left arm as a permanent specific injury resulting from the accident of December 22, 1926.

Dr. L. S. Williams testified that he was the attending physician, that he had an X-Ray picture taken of the injured arm; that there was a strain at the site of the old fracture; that the deformity was not due in any wise to the accident of December 22, 1926, and there was no recent fracture.

Dr. Johnston (R. 126) testified:

"The X-Ray findings do not show signs of recent fracture, dislocation or disease.

"* * * No, I saw no evidence of recent displacement or fracture or disease of the bone. * * *"

Dr. S. R. Cunningham testified:

"Q. Your opinion is that it is due to this old injury sustained along in 1915. A. Yes, sir. Q. You stated that disability from strain would last about four weeks or thirty days? A. From three or four days to thirty days, I should say, is a pretty liberal margin on strains."

Under section 7290, C. O. S. 1921, the fact that an employee has suffered disability or received compensation therefor shall not preclude him from compensation for a later injury. Fitzsimmons v. State Industrial Commission, 108 Okla. 276, 236 Pac. 616; Id., 120 Okla. 31, 250 Pac. 111.

This claimant, prior to the recent injury, was performing day labor and received $5 a day therefor; without the injury he would no doubt be working to-day. The accident disturbed that condition of his arm and the resulting situation of employment.

Dr. Willour testified that there was a break in the region of the old fracture and petitioner's arm was put in plaster splints. The X-Ray exhibits are contained in the record.

Considering all of the testimony of all the witnesses, we find a complete loss of use of the arm, except that Dr. Cunningham estimates a loss of use of 50 per cent. There was an earning power of 100 per cent. prior to the injury—then it was nil.

Dr. Johnston and Dr. Cunningham testified a total loss of use of the arm might be caused from a "decidedly marked and tear-up of a number of ligaments and damaged nerves and muscles" even without a fracture. The witness Cunningham did not purport to testify except as to bones as shown by the X-Ray pictures and taken by him twelve months after the injury. He said that the condition as to muscles and tendons did not show in the X-Ray picture.

Drs. Hudson, Smith, and Wood testified petitioner had lost the total use of his arm. Dr. Hudson treated the petitioner soon after his injury. He testified in his opinion petitioner could never use his arm any more to perform manual labor.

We hold there was no competent evidence to support the finding that the disability would cease in the time set by the commission.

The only testimony we find tending to support such a finding is the preliminary examination of Dr. Willour (32-34 C-M) and that of Dr. Cunningham relative to strains (plural), in general, evidently without regard to this particular case and evidently without foundation as applied to petitioner's strains, for that witness's testimony was by him limited to bones.

In the matter at bar we have a workman totally disabled at the time of hearing, al-

lowed ten weeks upon an estimate to recover based upon testimony of expert witnesses' views as to the duration of strains to ligaments, whereas that witness says he does not purport to testify as to anything except bones and breaks thereof and that from X-Ray pictures.

The respondent contends that claimant is estopped in his right to review of the order of the Commission because he has accepted the benefits thereof by accepting payment for the ten weeks allowed.

We hold against that contention. It does not apply to the Workmen's Compensation Act. U. S. F. & C. Co. v. Harrison, 125 Okla. 90, 256 P. 752:

"It is clear that the doctrine of res judicata and estoppel by receiving the payment contended for by plaintiffs, is inapplicable. It is unnecessary to cite the holdings of this court to the effect that the rules of ordinary court procedure are inapplicable to hearings before the Industrial Commission."

See section 7325, C. O. S. 1921.

Payment does not estop the Commission in making further orders; surely payment should not estop a review by this court of an original order of award made by the Commission. Strong v. Sonken-Galamba I. & M. Co. (Kan.) 198 P. 182.

The cause is remanded, with directions that compensation be ordered until final determination by the Commission that disability as caused by the recent accident has ceased, not to exceed the limitation expressed by statute.

LESTER, V. C. J., and HUNT, CLARK, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.