**PRAIRIE OIL & GAS CO. v. McNELLIS et al.**

No. 21030. Opinion Filed Oct. 21, 1930.

Rehearing Denied Dec. 16, 1930.

T. J. Flannelly, Burford, Miley, Hoffman & Burford, and Paul B. Mason, for Prairie Oil & Gas Company.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondent.

CULLISON, J. This is a proceeding to reverse an award of $79.51 made by the State Industrial Commission in favor of the claimant, Hughie McNellis, and against the petitioner, Prairie Oil & Gas Company, a corporation, for an injury received by claimant on May 25, 1929.

For reversal of the findings and order of the Industrial Commission, the petitioner urges one major ground of complaint:

"That the injury and consequent disability to claimant did not arise out of and in the course of his employment with the respondent."

The petitioner in its brief admits the well-established rule in this state "that findings of fact by the Industrial Commission are conclusive upon the Supreme Court and will not be reviewed where there is any competent evidence to support the same," but contends that the case at bar falls within the exception to this general rule, i. e., "In the absence of any competent evidence to support such findings of fact and the resulting award based thereon, the question becomes a pure question of law for determination of the Supreme Court." Fitzsimmons v. State Industrial Commission, 108 Okla. 276, 236 Pac. 616. Wilson v. Mid-Co Petroleum Co., 116 Okla. 115, 243 Pac. 520.

It appears from the evidence herein that the claimant, Hughie McNellis, had been working for the petitioner, Prairie Oil & Gas Company, on petitioner's Baker lease at Webber, Okla. Claimant was one of a crew of eight or nine laborers working on the Baker lease. On May 24, 1929, the day preceding the date of the accident in question, one Sutton, foreman for the petitioner oil company, advised claimant, among others, that petitioner had additional work planned on its Laster lease at Asher, Okla., and that claimant would be given one day,

with pay, in which to move to petitioner's lease at Asher, and be ready for work on said lease May 26, 1929.

In compliance with such direction, claimant secured a truck and moved his tent and other belongings to the lease at Asher on May 25, 1929. In unloading the tent the jack slipped, letting the tent fall on the ankle of claimant and breaking it, for which injury claimant sought, and was awarded, compensation by the State Industrial Commission.

The petitioner urges in support of its contention herein that:

"The accident occurred at a time when claimant had taken a day off from the job or employment, and at a time when the claimant was engaged in a private, personal enterprise—that of moving his belongings and house to a location closer to the new location of his job—a matter purely of personal convenience to himself and having no connection with the employment for which this claimant had been employed."

We are of the opinion the evidence fails to sustain such contention.

The evidence shows that it is customary for petitioner to allow its employees one day in which to move from one operation to another, and it is admitted by petitioner that the claimant received his customary day's wages for May 25th, the day claimant moved from the Baker lease to Asher.

It is true, there is some conflict in the evidence as to whether claimant was "ordered" by petitioner's foreman to move to the Asher lease, or whether he was merely "permitted" to do so as a matter of convenience to himself.

However, there is competent evidence embodied in the record herein to support the finding of the Industrial Commission that claimant was in the employ of the petitioner at the time of the accident and that claimant sustained an accidental personal injury on May 25, 1929, arising out of and in the course of his employment with said petitioner.

In Superior Smokeless Coal & Mining Co. v. Hise, 89 Okla. 70, 213 Pac. 303, the court held:

"An injury arises out of the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. If the injury can be said to have followed as a natural incident of the work, and to have been

contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises out of the employment."

It is clear to us that the claimant herein was in the employment of the petitioner at the time of the accident and that the act of moving from one lease to another was incidental to such employment, an integral part thereof, and that the injury followed as a natural incident of such work.

In Oklahoma General Power Co. v. St. Industrial Com., 108 Okla. 251, 235 Pac. 1095, the claimant therein was a truck driver in the employ of the Oklahoma General Power Company, and others, engaged in construction work at Muldrow, Okla. One of the foremen of the works instructed the claimant to return to Muskogee from Muldrow and report to the office. The evidence in that case disclosed that a temporary lay-off was determined by the power company, and pursuant to the instructions so received the claimant set out for Muskogee, 60 miles west; reached a point eight miles east of his destination at 2 a. m., when the truck overturned and claimant sustained injuries. This court, in sustaining the award of the Industrial Commission, held:

"Where claimant was in the employ of a petitioner, and acting in compliance with and under orders of the petitioner at the time of the injury, in the absence of evidence showing willful neglect or intoxication on the part of claimant, it is evident that the accident and resulting injury arose out of and in the course of such employment, under the provisions of section 7285, Comp. St. 1921."

It having been determined by the Industrial Commission that claimant was performing a ʹuty imposed upon him by petitioner at the time of accident, and the finding of the Commission being that claimant sustained the injury while in the employ and in the course of his employment to petitioner, and in the absence of any evidence showing the injury to be other than by accident, we conclude that the contention of the petitioner in this case is without merit.

The order and award of the State Industrial Commission awarding compensation to claimant is hereby in all things affirmed.

MASON, C. J., and HEFNER, SWINDALL, and ANDREWS, JJ., concur.

LESTER, V. C. J., and HUNT, CLARK, and RILEY, JJ., absent.