## ROBERSON v INDUS. COMM.

Ohio Appeals, 9th Dist, Lorain Co.

No. 894. Decided Dec. 2, 1938

Stevens & Stevens, Elyria, for appellee.

Herbert S. Duffy, Atty. Gen., Columbus; Eugene Carlin, Asst. Atty. Gen., Columbus, and Paul Hergenroeder, Asst. Atty. Gen., Columbus, for appellant.

## OPINION

By STEVENS, PJ.

This appeal on questions of law from a judgment in favor of plaintiff below (appellee here), David S. Roberson, raises the question whether or not Roberson, while employed by The Wickens Company, sustained an accidental injury while acting in the course of, and which arose out of, his employment.

The appellant, the Industrial Commission, contends that the trial court should have sustained its motion for a directed verdict in its favor, which motion was made at the conclusion of plaintiff's case in chief and at the conclusion of all the evidence, for the reason that the evidence presents only a question of law.

The facts as presented by the record are these:

The Wickens Company is an Ohio Corporation, having an authorized capital stock of 1,200 shares, 634 of which were held by E. M. Wickens and the members of his immediate family, the remaining shares being held by six other stockholders.

E. M. Wickens was the president and general manager of the corporation, which was engaged in the furniture business in Lorain, Ohio. As such manager he had charge of hiring the employees of the company and authority to direct them in their work.

On January 23, 1936, Roberson was expressly ordered by E. M. Wickens, his boss, during his working hours, to go to the E. M. Wickens home and move three barrels of vinegar from the garage in the home into the cellar thereof. Acting upon those orders, Roberson took the company truck and certain planks from the store of the Wickens Company, and proceeded to the home of E. M. Wickens to carry out the orders which had been given to him. While doing what he had been directed to do by Wickens, Roberson was seriously injured, and thereafter made his claim for compensation, which was disallowed by the Industrial Commission on rehearing. Appeal to the Court of Common Pleas resulted in a verdict and judgment in favor of Roberson.

One question in this appeal is as to whether Roberson's injuries were sustained while he was performing services in the course of his employment.

The uncontradicted scope of plaintiff's employment consisting in part of doing generally what he was told to do, and he having been told by his superior to do what he was doing at the time he was accidentally injured, it seems difficult to conceive that he was not acting within the scope of his employment when injured.

It is claimed, however, that even if the injury was received in the course of the employment, it did not grow out of the employment, because at the time of the injury Roberson was not doing anything connected with the business or affairs of the corporation.

That what he was doing would not be considered generally as in furtherance of the company's usual business must be conceded, for the company was not engaged in the vinegar or barrel business; but we must not lose sight of the fact that the corporation entrusted the president and general manager with authority to direct the employees as to the work they should perform.

In this connection it must be remembered that no evidence was offered by the company or any one which in any way controverted the evidence offered by Roberson as to what the officers and employees did do in conducting the affairs of the corporation.

From that evidence it appears that on January 23, 1936, Roberson's duties consisted of taking care of the Diesel engine, driving a truck, maintenance, "or anything I was told to do." The evidence shows that at least once a year for a number of years prior to 1936 Roberson had been directed to do certain things at the E. M. Wickens town home or at the home in the country, which things Roberson had done in pursuance of said directions on the company's time and at the company's expense, for which he was paid nothing by E. M. Wickens; and further, that to his knowledge, other employees had from time to time over a period of years performed similar services by direction of E. M. Wickens and other officials of said family-controlled corporation.

In so far as the officers of said corporation are concerned, such work for the Wickens family, performed by employees at the specified directions of such officers, was treated as an incident of their employment.

If an employer annexes certain conditions or requirements to employment, it is not for the workman to question whether it is in furtherance of the employer's business or incident thereto.

"A laboring man ought not to be obliged to inquire as to the power of his general manager to direct him to do different kinds of work, concerning which directions are given."

1 Honnold on Workmen's Compensation, Sec. 144.

"But an employer may enlarge or extend the scope of the employment, and an employe who, at the direction of his employer or of a superior to whose orders he is subject, performs services outside the duties of his usual employment, and performs them in consequence of the existence of the relation of employer and employe, and as incidental to the employment, is within the protection of the act while performing such services."

O'Rourke v Percy Vittum Co., et, 207 N. W. 636 at p. 638, and cases there cited.

See also—

Peterson v Corno Mills Co., 249 N. W. 408, and cases there cited.

Stakonis v United Advertising Co., 148 Atl. 334.

Prairie Oil & Gas Co. v McNellis, et, 293 Pac. 1026.

Dale v Saunders Bros., 157 N. Y. Supp. 1062.

Zurich Gen. Ass. & Lia. Ins. Co. v Ellington, 130 S E. 220.

It seems to the members of this Court that by express order, and in pursuance of an established practice, the superior of plaintiff enlarged the scope of plaintiff's usual employment and plaintiff's usual place of employment so as to contemplate the thing which plaintiff was doing at the time of his injury, as well as the place of its performance, so as to constitute the injury a result of a risk involved in the employment or an incident to it.

We are required to give to the provisions of the Workmen's Compensation Act a liberal construction in favor of the employee, and, indulging that rule, we hold that the evidence in this record shows that the employee, Roberson, was accidentally injured while per-

forming services for his employer within the scope of his employment, and that the injury arose out of the employment.

As to the other errors of which complaint is made, we find no prejudicial error.

The judgment will be affirmed.

WASHBURN, J. & DOYLE, J., concur.