JoAnn TOMBLESON, Administratrix, Petitioner,

v.

HOOKER'S ROUSTABOUT SERVICE, State Insurance Fund and the State Industrial Court, Respondents.

No. 39877.

Supreme Court of Oklahoma.

Feb. 12, 1963.

B. E. Bill Harkey, Oklahoma City, Richard James, Stroud, for petitioner.

Mont R. Powell, Mary Elizabeth Cox, James N. Khourie, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

HALLEY, Vice Chief Justice.

The record discloses that Floren J. Tombleson obtained, in State Industrial Court case No. C56544 for permanent total disability, an award dated January 8, 1958, for an accidental injury received December 19, 1955. On January 14, 1960, he died. On February 23, 1960, JoAnn Tombleson, Guardian of the person and estate of Sherry Ann Tombleson, who is the minor daughter of Floren J. Tombleson, deceased, filed a motion to revive the award made to Tombleson.

On February 25, 1960, JoAnn Tombleson, Administratrix of the Estate of Floren J. Tombleson, deceased, who we will refer to hereafter as claimant, filed the claim involved herein, which is State Industrial Court case No. C91693. This is a claim for compensation under the death benefit provisions of the Workmen's Compensation Act, 85 O.S.1961 § 1 et seq., to obtain an award for the benefit of Tombleson's daughter, Sherry Ann Tombleson.

On March 15, 1960, an order of revivor in case No. C56544 was entered.

Thereafter, over one year later, on March 27, 1961, the trial tribunal held its first hearings in the death benefits case (No. C91693) and on July 7, 1961, an award was entered for the maximum amount of $13,500, less the amount paid since the order of revivor in case No. C56544.

Both parties appealed from the order dated July 7, 1961, to the Judges of the Court en banc. On such appeal claimant contended that the award should have been for the maximum amount without any deduction from such award (although she has since abandoned such contention). The respondents' contention was based on res judicata and estoppel, claiming that when the order of revivor was made claimant was estopped to receive an award under the death benefit provisions.

On September 26, 1961, the State Industrial Court entered the following order:

"On September 13, 1961, this cause came on for hearing on appeal by the undersigned Judges, sitting en banc, from the order of the Trial Judge heretofore entered on·July 7, 1961. After reviewing the record "in this case, and being fully advised in the premises, said Judges find that said order should be vacated, and· the cause denied.

"IT IS THEREFORE ORDERED that the order of the Trial Judge heretofore entered in this case on July 7, 1961, be and the same hereby is vacated, set aside, and held for naught, and claim denied."

This proceeding is brought by claimant against Hooker's Roustabout Service, employer, and its insurance carrier, State Insurance Fund, to review the order denying the award.

The claimant raises three propositions which are: first, that the State Industrial Court erred in refusing the motion of claimant to make specific findings; second, that the State Industrial Court erred as a matter of law in vacating the award of the trial judge; and, third, if it was the intention of the State Industrial Court to vacate the award of the trial judge because the accidental injury did not result in death there is no competent evidence in the record to support such finding.

There was no finding of fact as to the cause of death of Tombleson in the order of revivor. No appeal was taken from the order of revivor in case No. C56544.

■ If Tombleson sustained an accidental injury and died as the result thereof claimant was entitled to proceed under the death benefit provision of the Workmen's Compensation Act. Capitol Steel & Iron Co. et al. v. Fuller et al., 206 Okl. 638, 245 P.2d 1134; Kerr's, Inc. et al. v. Smith et al., Okl., 359 P.2d 330. In Kerr's, Inc. v. Smith, supra, we held that when death resulted from the accidental injury for which a disability award had been made, a claim for the accrued payments may be revived in favor of the person or persons entitled thereto, but the unaccrued payments abate upon his death.

■ Respondents argue that claimant is estopped to assert the right to death benefits because of the revivor and that the revivor of the award for total disability was res judicata. We do not agree. Under the constitutional amendment providing for the death benefits, the deceased's dependent is entitled to the award. There is no rule of estoppel or res judicata, because of revivor of the award for total permanent disability, that would preclude a determination of the rights of claimant under the death benefit provisions of the Workmen's Compensation

Act. Sanders v. Rock Island Coal Mining Co. et al., 138 Okl. 45, 280 P. 290; United States Fidelity & Casualty Co. et al. v. Harrison et al., 125 Okl. 90, 256 P. 752. By the same token, respondents are not precluded from having a determination in the instant proceeding of the cause of Tombleson's death since such fact was not determined in case No. C56544. If his death was the result of a cause other than the accidental injury which gave rise to the disability award, then claimant should not receive an award for death benefits. If his death was the result of his accidental injury, then claimant should receive an award for death benefits, but such award should be reduced by the amount of the payments made by respondents for any unaccrued payments under the disability award as revived. Kerr's, Inc. v. Smith, supra. This would assure that respondents would not make double payment.

Claimant's final contention is that there is no competent evidence in the record concerning whether the accidental injury resulted in Tombleson's death. In answer, respondents argue that this issue was determined and such determination is supported by competent evidence. We cannot say from the order made what the State Industrial Court intended to find in this respect. We are unable to determine whether the State Industrial Court intended to find that Tombleson did not die from the accidental injury or whether the award was vacated because the State Industrial Court was of the opinion it was precluded from granting an award by reason of estoppel because of the order reviving the award made to Tombleson as argued by the respondents. The State Industrial Court should conduct a complete hearing and determine whether Tombleson died by reason of the accidental injury. This Court has repeatedly held that it is the duty of the State Industrial Court to enter such order as can be judicially construed by this Court. Corzine v. Compress et al., 196 Okl. 259, 164 P.2d 625; Fischbach & Moore of Texas, Inc. et al. v. State Industrial Commission et al., 201 Okl. 170, 203 P.2d 422. If it is determined that Tombleson died by reason of the accidental injury for which the disability award had been made, the death benefits award should be made in accordance with our construction of the present law as set out herein and in our opinion in Kerr's, Inc. v. Smith, supra.

The order denying the award is vacated and the cause remanded to the State Industrial Court for further proceedings.