## WARD v. BEATRICE CREAMERY CO.

No. 15003—Opinion Filed Nov. 12, 1924.

1. **Master and Servant — Workmen's Compensation Law—"Accidental Injury."**

The term "accidental injury," as used in the Workmen's Compensation Act of this state, must not be given a narrow meaning, but, according to the great weight of English and American authorities, the term is to receive a broad and liberal construction, with a view of compensating injured employes, where the injury results through some accidental means, was unexpected and undesigned, or may be the result of mere miscalculation as to the effect of voluntary action.

2. **Same — Injury from Chemicals to Employe in Creamery—Jurisdiction.**

Burns, scalds, and salivation, suffered by an employe, caused by the use of a substance known as soda ash in the process of sweetening cream, in a hot room, in the creamery of the defendant corporation, in the course of his employment, are within the operation of the Workmen's Compensation Act. providing compensation for accidental injuries. In such a case the State Industrial Commission has exclusive jurisdiction in this state to grant relief in an action for damages to such employe.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; William H. Zwick, Judge.

Action by B. O. Ward against the Beatrice Creamery Company, a corporation, for damages to his person. Demurrer to petition sustained and cause dismissed. Plaintiff appeals. Affirmed.

Edw. E. Reardon, for plaintiff in error.

Ross & Thurman. for defendant in error.

Opinion by THOMPSON. C. This action was commenced in the district court of Oklahoma county, Okla., by B. O. Ward, plaintiff in error, plaintiff below, against the Beatrice Creamery Company, defendant in error, defendant below, for the recovery of $36,000 claimed as damages to his person.

The parties will be referred to as plaintiff and defendant as they appeared in the lower court.

That part of the petition that is necessary to a decision in this case is, in substance, as follows. That the plaintiff was 41 years of age and in sound health when employed by defendant as a pasteurizer in the creamery department of defendant, in Oklahoma City, and that he had been so employed for a term of about five years; that on the first of June, 1922, the defendant began the use of a substance, known as soda ash, in the conduct of its business to sweeten sour cream, which was used in quantities to the amount of 50 pounds per day, and the cream was treated with said article in a room where the temperature was sometimes as high as 120 degrees Fahrenheit, and that while so acting for the defendant the plaintiff's body became burned, scalded, and salivated in those parts under his arms, between his legs and in and around his eyes, from which plaintiff suffered great and continual pain, and caused his body and features to become disfigured, and he was unable to sleep; that his health was undermined and his usefulness destroyed as a pasteurizer, and unfitted him to gain a livelihood as a result of the injuries inflicted upon him by the use of soda ash; that said use of the soda ash continued from June, 1922, until March, 1923; that the plaintiff was inexperienced in the use of said soda ash; that he was not acquainted with the ingredients of the same and had no knowledge of its dangerous effects, and that defendant did not instruct or inform him of the danger liable to arise from the manner in which he was instructed to use the said soda ash; that the defendant did not use proper care for plaintiff's safety in the use of said chemical in the place where the temperature was 120 degrees Fahrenheit; that defendant knew, or should have known, that the use of said soda ash, in the high temperature, would burn, scald, and salivate the plaintiff; that because of his disability he had to give up his position and was unable to make a living for his family, which consisted of his wife and child, and that he was permanently injured; and prayed judgment for the sum of $36,000.

The defendant filed its demurrer to the petition, in which it is contended that the petition did not state facts sufficient to constitute a cause of action in favor of the

plaintiff and against the defendant, and for the further reason that the trial court had no jurisdiction whatever of the subject-matter of the action.

The trial court sustained the demurrer on both grounds.

Plaintiff refused to plead further and judgment was rendered against him for the costs of the action, from which judgment the plaintiff appeals to this court.

The only question to be decided here is whether the injury suffered by the plaintiff comes within the jurisdiction of the State Industrial Commission; if it does, then the trial court had no jurisdiction of the subject-matter and the demurrer was properly sustained; if it does not, the demurrer should have been overruled.

Section 7284, Comp. Stat. 1921, defines the injuries over which the State Industrial Commission has jurisdiction to be:

"'Injury or personal injury' means only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom."

If this injury, complained of by the plaintiff in this case, comes under the injuries defined, then the State Industrial Commission, under section 7286, has exclusive jurisdiction of the subject-matter of this action, and the state courts have no jurisdiction, except upon appeal from the decision of the State Industrial Commission to the Supreme Court of the state. There is nothing in the case-made showing that this cause was ever submitted to the State Industrial Commission, but attorney for plaintiff, in his brief, sets out the order of the State Industrial Commission, in which the state refused to take jurisdiction of the cause when submitted to it. If the plaintiff were sincere in his submission of his cause to the State Industrial Commission in the first instance, upon its refusal to take jurisdiction, the plaintiff should have appealed from the decision of the State Industrial Commission to this court, and then this court would have had the power to assume jurisdiction to pass upon this question in the original action, but the failure of the State Industrial Commission to assume jurisdiction would not thereby become effective to confer jurisdiction upon the state court in this case, if it did not have jurisdiction in the first instance.

This court, in the case of Winona Oil Co. et al. v. Smithson, 87 Okla. 226, 209 Pac. 398, among other things, said:

"The term 'accidental injury' as used in the act must not be given a narrow meaning, but, according to the great weight of English and American authorities, the term is to receive a broad and liberal construction, with a view of compensating injured employes, where the injury results through some accidental means, was unexpected and undesigned, or may be the result of mere mischance or of miscalculation as to the effect of voluntary action."

Then, under the rule established here, it is incumbent upon this court to give as broad and liberal construction and interpretation as possible to be given consistent with the language used in the statute. This for the reason that it was the purpose of the Legislature, in enacting the Workmen's Compensation Law, to furnish an adequate and speedy remedy to injured employes to obviate expensive, long drawn out, and uncertain litigation, and to give the power to give speedy redress to such employes into the hands of said Industrial Commission. This court has endeavored to give employes the full benefit of that law.

It is contended by attorney for plaintiff that the plaintiff is not entitled to recover compensation under the Workmen's Compensation Law because the injury from which he is alleged to have suffered was not the result of an accident, and that since no accident occurred this cause is, therefore, not covered by the Workmen's Compensation Law.

The petition states that he was an employe of the defendant company and while working at a place where a high degree of heat was required, in the process of sweetening cream, and by the use of the substance, known as soda ash, furnished by the company, he was burned, scalded, and salivated, and his body and features disfigured, whereby he was incapacitated from performing further services under his contract of employment and permanently disabled from earning a livelihood. While it is true that nothing happened suddenly to him, yet the condition was brought about by the continuous use of the soda ash in the heated condition of the place in which he had to work, between the months of June, 1922, and March, 1923.

This court, in the case of Beck Mining Co. et al. v. State Industrial Commission, 88 Okla. 34, 211 Pac. 69, which case is very similar to the instant case, allowed compensation to an injured employe because while he was engaged in the coupling of cars he suffered a stroke of apoplexy. The evidence in that case tended to show that the continuous excessive exertion and strain incident to pulling heavy coal cars together in

order to couple the same was a contributing cause of the stroke of apoplexy and, in that case, nothing unusual or unapprehended happened. There was no sudden jerk, no fall or no blow, but the work required application of considerable muscular force and physical strain upon the part of the employe. The court, in that case, cited with approval the case of La Veck v. Parke, Davis & Co. (Mich.) 157 N. W. 72 L. R. A. 1916-D. 1277, and in the case cited it appears that the employe, before he entered the employment of Parke, Davis & Company, was suffering from arterial sclerosis, and that after he was employed and while engaged in his occupation with Parke, Davis & Company, he suffered a stroke of paralysis due to cerebral hemorrhage and the court said in that case:

"Paralysis due to cerebral hemorrhage in one suffering from arterial sclerosis, because of prolonged exertion in a hot room in the course of his employment, is within the operation of a workmen's compensation act providing compensation for accidental injuries."

In the same case it was further determined that:

"No visible accident occurred and no event causing external violence to applicant's body."

While there are numerous cases that support the theory contended for by the plaintiff in this case, it is very clear that the Oklahoma Supreme Court does not adhere to them, but seems to follow cases like the Vennen v. New Dells Lumber Company, 161 Wis. 370, 154 N. W. 640, and the Fidelity and Casualty Company of N. Y. v. Industrial Accident Commission of California, 171 Pac. 429, and other cases from California, Massachusetts, and Michigan, which give a liberal construction to the Workmen's Compensation Law and uphold jurisdiction in the State Industrial Commission to grant relief in cases similar to the instant case.

We are, therefore, of the opinion that the district court of Oklahoma county was not vested with jurisdiction to hear and determine this cause, and that the jurisdiction is by the terms of the statute and the decisions of the courts vested in the State Industrial Commission, and that the court was correct in sustaining the demurrer to the petition upon jurisdictional grounds. It, therefore, follows that the judgment of the lower court should be and is hereby affirmed.

By the Court: It is so ordered.