## HIDDEN TREASURE COAL CO. et al. v. URIST et al.

No. 16430—Opinion Filed Oct. 20, 1925.

1. **Master and Servant—Workmen's Compensation Law—Findings of Fact—Conclusiveness.**

The decision of the State Industrial Commission as to all matters of fact is final where there is any evidence tending to support the finding.

2. **Same—Injuries Compensable as "Accidental"—Liberal Construction of Statute.**

The term "accidental injury," as used in the Workmen's Compensation Act of this state, must not be given a narrow meaning,

but, according to the great weight of English and American authorities, the term is to receive a broad and liberal construction, with a view of compensating injured employes, where the injury results through some accidental means, was unexpected and undesigned, or may be the result of mere mischance or of miscalculation as to the effect of voluntary action.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from State Industrial Commission.

Action by Hidden Treasure Coal Company and United States Casualty Company, to set aside an award in favor of Joe Urist. Award approved, and petition denied.

Ernest J. Kubeck, for petitioners.

Geo. F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for respondents.

Opinion by THOMPSON, C. This action was commenced by an original petition in this court to review an award made to Joe Urist by the State Industrial Commission. The Industrial Commission found:

"1. That the claimant received an accidental injury arising out of and in the course of his employment on October 3, 1924, while in the employ of the respondent herein.

"2. That as a result of said accidental injury the claimant has suffered the loss of time from October 3, 1924, to October 28, 1924, a period of three weeks after deducting the five days' waiting period.

"3. That the respondent had proper notice of the accident and the claimant filed his claim for compensation within the statutory period; and

"4. That the claimant's average daily wage at the time of his accidental injury was $8."

Upon said findings there was found to be due the claimant a total sum of $54, and the petitioners in this case were ordered to pay the same, and to pay all medical expenses incurred as the result of said injury. From this award of the Industrial Commission, the respondents bring the matter before this court for review, and urge:

"1. That the findings by the State Industrial Commission that Joe Urist received an accidental injury arising out of and in the course of employment, is not supported nor sustained by the evidence offered before it.

"2. That the finding that the said Joe Urist sustained an accidental injury arising out of and in the course of employment, is contrary to law and erroneous."

The record shows that the claimant testified in his own behalf before the commission, not being represented by counsel, and by his name and by his answers and the language used by him in his testimony, he is evidently a foreigner and speaks the English language imperfectly, but in his sworn testimony, he testified that the injury was received to his knee by pushing a car in his work for the company, and it slipped off the track; that his knee became sore; that he had Doctor Nelson treat him, and that he suffered the loss of time because of the injury. In Doctor Nelson's report to the State Industrial Commission, in the blank furnished, which required him to give an accurate description of the nature and extent of the injury, he said:

"Fell while pushing a car, bruised, right knee became infected, superated."

And in the same report, he said in describing his treatment:

"Cocained, opened, curetted, pocketed with gauze."

Further in his report, in giving the patient's own words as to how the accident occurred, he said, "Fall on my knee," and under the heading of "Remarks," he said: "A simple bruise resulted in an infected perfatitlor lursa."

It is true that on a cross-examination the claimant testified that the wound did not come from being struck suddenly, but by just being bruised. This in answer to a question that brought forth that kind of an answer, and when the cross-questioner attempted by question to get the claimant to say that his injury was not caused from hitting something, but just from a bruise, he answered that he was working on his knees all of the time, and that it was hurt before it got sore, and the cross-questioner asked him if the injury were not what is called "miner's knee," and he answered, "Yeah."

We are clearly of the opinion that the evidence in this case was sufficient to justify the commission in making its finding that the injury received was an accidental injury arising out of and in the course of his employment, and that said finding is fully sustained by the evidence of the claimant and the report of the attending physician.

This court, in the case of Ward v. Beatrice Creamery Co., 104 Okla. 91, 230 Pac. 872, following the decision of this court in the case of Winona Oil Co. v. Smithson, 87 Okla. 226, 209 Pac. 398, said:

"The term 'accidental injury', as used in the Workmen's Compensation Act of this

state, must not be given a narrow meaning, but, according to the great weight of English and American authorities, the term is to receive a broad and liberal construction, with a view of compensating injured employes, where the injury results through some accidental means, was unexpected and undesigned, or may be the result of mere mischance or of miscalculation as to the effect of voluntary action."

Under the rule above stated, it is incumbent upon this court to give as broad and liberal construction and interpretation as possible to be given consistent with the language used in the statute. This, for the reason that it was the purpose of the Legislature in enacting the "Workmen's Compensation Law" to furnish an adequate and speedy remedy at law to injured employes to obviate expenses, long drawn out and uncertain litigation and give the power to get speedy redress to employes into the hands of said Industrial Commission. This court has endeavored to give the employes the full benefit of that law, and in the case of Ward v. Beatrice Creamery Co., supra, the question of what constitutes accidental injury in contemplation of the statute is fully discussed, and cases cited therein, which clearly justifies the opinion in this case that the injury received by the claimant, Joe Urist, was an accidental injury and within the scope of his employment.

We are, therefore, of the opinion that the award made by the State Industrial Commission was correct, and that the same should be said is upheld, and the prayer of the petitioners to set aside the award is denied.

By the Court: It is so ordered.