## NATIONAL BISCUIT CO. v. LOUT et al.

No. 26285. Dec. 22, 1936.

Rehearing Denied March 2, 1937.

Pierce, Follens & Rucker, for petitioner.
Maurice Speers and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by National Biscuit Company, as petitioner, to obtain the review of an award made by the State Industrial Commission in favor of the respondent Lee Lout.

The petitioner challenges the following finding of the commission:

"That on the 30th day of October, 1934, the claimant was in the employment of the respondent and engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date, arising out of and in the course of his employment, he sustained an accidental injury to his back and right leg."

The petitioner assigns five specifications of error, but confines its discussion to the lack of evidence to support the commission's finding of accidental injury, and that the same arose out of the employment. Petitioner rests its case upon the evidence of the respondent. This evidence, briefly stated, reveals that on the date of the alleged injury the respondent had been working in the warehouse of the petitioner in moving barrels and other articles of merchandise, and that he was in the act of stooping to reach a barrel of shredded cocoanut when he was seized with a sharp pain in his left back and leg; that petitioner's superintendent was present at the time and sent respondent to first aid and the next day had a physician wait upon him; that respondent continued in the care of the physician from that date to

the date of the hearing before the commission on January 15, 1935; that respondent was unable to do any work and was temporarily totally disabled; that there was no external violence, blow, pressure or strain, and no reason for the resulting strain except the act of stooping over. Medical testimony shows that the respondent was suffering from right sacroiliac strain and sciatica and was temporarily totally disabled from performing ordinary manual labor. The controversy narrows itself to the single question of whether or not, under the above circumstances, respondent sustained an accidental injury within the meaning of the Workmen's Compensation Law of this state. Section 13351, O. S. 1931, in part provides as follows:

"Every employer subject to the provisions of this act shall pay, or provide as required by this act, compensation according to the schedules of this article for the disability of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment."

It will be noted from the above-quoted portion of the statute that the employer is required to pay compensation for disability resulting from an accidental personal injury sustained by an employee when it arises out of and in the course of employment. Therefore, before payment of compensation by an employer may be properly required under the law, it must be shown that the employee's disability is the result of an **accidental** personal injury and that it arose out of and in the course of employment. The absence of either of the above requirements is fatal to the claim. That respondent sustained the disability and that it occurred during the course of his employment is clearly established, but whether it was the result of an accident, and, if so, arose out of the employment, are the questions now to be determined.

This court is committed to the rule of liberal construction in arriving at what is an accidental injury. As we have said in Ward v. Beatrice Creamery Co., 104 Okla. 91, 230 P. 872:

"The term 'accidental injury,' as used in the Workmen's Compensation Act of this state, must not be given a narrow meaning, but, according to the great weight of English and American authorities, the term is to receive a broad and liberal construction, with a view of compensating injured employee, where the injury results through some accidental means, was unexpected and undesigned, or may be the result of mere mis-

chance or of miscalculation as to the effect of voluntary action."

See Hidden Treasure Coal Co. v. Urist, 112 Okla. 245, 240 P. 640; Cowan v. Watson, 148 Okla. 14, 296 P. 974.

The Workmen's Compensation Act itself by subdivision 7, section 13350, O. S. 1931, defines a compensable injury in the following language:

"'Injury or personal injury' means only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally result therefrom."

And as we have held in Ford Motor Co. v. Scruggs, 154 Okla. 219, 7 P. (2d) 479, this provision of the act constitutes a limitation upon the authority of the Industrial Commission to award compensation. This, however, still leaves unanswered the question as to what are the essentials of an accidental injury, and an extensive review of the authorities discloses the fact that the courts are not in complete harmony upon a definition.

As said by Mr. Justice Philbrook in the dissenting opinion in the case of Patrick v. Ham Company (Me.) 111 Atl. 912, 13 A. L. R. 427-436:

"One writer upon the subject of Workmen's Compensation Acts declares that the term 'accident' has probably been more discussed in adjudication than any other word in the whole English language. This may, in part, account for the varying views. On the one hand, we should not be overtechnical and on the other we should not be too indulgent, when we attempt to construe the word and apply that construction to the case at bar. Dambarn on Employer's Liability (4th Ed.) p. 100, says: 'Roughly speaking, accidents are divided into two great classes: (a) Accidents peculiarly known as such, such as railway accidents breaking-down of machinery, explosion, collisions, etc., where persons injured by them are spoken of as injured by accident; and (b) accidents where there is no such external mishap, but where the man injures himself, as we would say, by accident, when he either strains a muscle, or ricks his back, or ruptures himself, or otherwise hurts himself in an unexpected manner.'

"Boyd on Compensation Laws, sec. 458, says: 'Strains sustained by employees of normal health * * * in the course of their employment are generally regarded as accidental injuries. * * * Ruptures, resulting from lifting heavy objects, are generally held fortuitous and unexpected events; in other words, accidents.'

"These words are oft quoted from Fentor v. Thorley, 89 L. T. N. S. 314: 'If a man in

lifting a weight, or trying to move something not easily moved, were to strain a muscle, or rick his back, or rupture himself, the mishap, in ordinary parlance, would be described as accidental.'

"In an extended compilation of cases by Kiser, under the title Workmen's Compensation Acts, sec. 57, accompanying the Cyc. Corpus Juris system, fortified by many citations, it is said that the term 'accident,' as employed in the Compensation Acts, is broad enough to include an injury from muscular strain or physical overexertion, such as hernia, or rupture, or bursting of blood vessels. This is true, although the physical condition of the employee is such as to predispose him to the injury. But it has been held there must be a definite particular occurrence to which the injury can be attributed.'

"Obviously, in the case at bar, the petitioner depends on proving an accident in that class of cases latterly spoken of, and which does not call for any external violence, but which has been alluded to as having been occasioned by some act of the deceased whereby a strain produced the injury. But even in this class of cases we must not overlook the conceded rule that there must still be an accident. Hence definitions of lexicographers and courts are of importance in determining what an accident consists of and what are the fundamental principles to which we must look in deciding this or any other case. Our own court, speaking through the late Chief Justice Peters, in McGlinchy v. Fidelity & C. Co., 80 Me. at page 253, 6 Am. St. Rep. 190, 14 Atl. 14, says: 'The definition of accident, generally assented to, is an event happening without any human agency, or if happening through human agency, an event which, under the circumstances, is unusual and not expected to the person to whom it happens.'

"If it should be urged that this definition was given in an accident insurance case, then we are only obliged to turn to the very first case relied upon in the opinion from which I am now dissenting, namely, Bystrom Bros. v. Jacobson, 162 Wis. 180, L. R. A. 1916D, 966, 155 N. E. 919, where the court holds that 'the term "accidental", as used in compensation laws, denotes something unusual, unexpected, and undesigned.' "

This court has had occasion to pass upon the question in numerous specific instances, and as said by Mr. Justice Osborn, speaking for the court in Johnson Oil & Ref. Co. v. Guthrie, 167 Okla. 83, 27 P. (2d) 814, 90 A. L. R. 616:

"It is well settled in this jurisdiction that the Workmen's Compensation Act does not apply exclusively to traumatic injuries. The case of Quality Milk Products v. Linde, 159 Okla. 256, 15 P. (2d) 58, involved an award by the commission for a disability incurred by inhaling alcoholic fumes from a spray gun while the claimant was engaged in cleaning and painting automobiles in a room where there was insufficient ventilation. In sustaining said award, the court, through Mr. Justice McNeill, said:

" 'The adjective "accidental" is not a technical term but a common one, whose popular usage would not necessarily mean that the words "accidental injuries" indicated the existence of an accident, but rather the idea that the injury was either unintended or unexpected. See 25 Harvard Law Review, pp. 338, 342. In the term "accidental injuries," the substantive "injuries" expresses the notion of the thing or event, i. e., the wrong or damage done to the person; while "accidental" qualifies and describes the noun by ascribing to "injuries" a quality or condition of happening or coming by chance or without design, taking place unexpectedly or unintentionally.' Victory Sparkler & Specialty Co. v. Francks, 147 Md. 368, 128 A. 635, 44 A. L. R. 363.

" 'Where an employee was engaged in cleaning and painting automobiles in a garage and used at various times wood alcohol in a spray gun in a room improperly ventilated for such purposes by coming in contact with the alcoholic fumes, without design on the part of either employer or employee, which resulted in causing the employee a temporary total disability, and where the employee prior thereto suffered sick spells by reason of said work and fixes with reasonable certainty the time when he was last seized with such sickness during the progress of his work, which sickness was known to his employer, held, the same was an accidental personal injury and comes within the provisions of the Workmen's Compensation Law (Comp. St. 1921, sec. 7282 et seq., as amended).'

"For further discussion of the meaning of the term 'accidental injury' as applied to nontraumatic injuries, we refer to the Maryland case above cited. In the case of Haynes Bros. Drilling Co. v. Dungan, 158 Okla. 263, 13 P. (2d) 197, an award was sustained where an employee sustained an injury to an eye caused by gas fumes and a foreign particle striking his eye on a date certain. In the case of Vaughn & Rush v. Stump, 156 Okla. 125, 9 P. (2d) 764, an award was sustained where an employee suffered a partial loss of hearing in one ear caused by the noise of an exhaust near the place the employee was working. The case of United States Gypsum Co. v. McMichael, 146 Okla. 74, 293 P. 773, which is relied upon by petitioner herein, was therein distinguished. The following helpful rule was also announced by the court:

" 'An "accident," as contemplated by the Workmen's Compensation Law (Comp. St.

1921, section 7282 et seq., as amended), is distinguished from an occupational disease, in that it arises by some definite event, the date of which can be fixed with certainty, but which cannot be so fixed in the case of occupational diseases.'

See, also, Tri-State Contractors, Inc., v. Althouse, 166 Okla. 296, 27 P. (2d) 1041. It will be noted from an examination of the cases cited by Mr Justice Osborn in Johnson Oil & Ref. Co. v. Guthrie, supra, and other decisions by this court, that where a finding of accidental injury has been sustained, there has been evidence to the effect that it was the result of some external cause although there was no trauma or external manifestations of injury. We are now requested by the respondent to go a step further and to hold accidental a muscle strain which according to his testimony, happened apparently without cause other than the ordinary act of stooping over to perform his work. In other words, to say that an act, which requires no unusual exertion, which presents no sudden strain upon claimant's muscle, but in every way was the normal and usual function of his body except for the resulting disorder, should be deemed an accident, if we should so hold, then we must be prepared to hold that every muscular or nervous strain which an employee sustains and which results in a disability is accidental regardless of any apparent external cause or stimulus producing such condition. We are of the opinion that to do this would be in effect to nullify rather than to construe this provision of our Workmen's Compensation Law. This would be to usurp legislative power. This would go beyond the province of a court, and instead of holding the scales of justice in equilibrium, it would permit decision of the rights of litigants upon personal whim rather than rules of law. The respondent, however, directs our attention to and relies upon the decision of the Court of Appeals of Georgia in the case of Brown v. Lumberman's Mutual Casualty Co. et al., 174 S. E. 359, as sustaining his claim of an accidental injury under the circumstances herein shown. We have carefully read this case and find that it supports respondent's contention in this regard, but it will be noted that the case is predicated upon Gilliland v. Ash, Grove, Lime & Portland Cement Co., 104 Kan. 771, 180 P. 793, and that case in turn is founded upon Fenton v. Thorley & Co., Ltd., 89 L. T. N. S. 314. An examination of this latter case discloses the fact that the rule therein announced was based upon an internal injury resulting from external force where there were no external manifestations. This rule is correct and has been followed by this court in all of the cases coming before it where such a situation prevailed. A different situation from that now presented. In Brown v. Lumberman's Mutual Casualty Co., supra, it will be further noted that the decision was not by the full bench and for that reason the cause was not certified to the Supreme Court of Georgia, but the division promulgating the opinion declined to follow the former case of Westbrook v. Highview, Inc., 42 Ga. App. 834, 157 S. E. 362. It thus appears to be in conflict with a prior decision of that court and under these circumstances, together with the fact that the authorities upon which the opinion is based do not as we view it support the conclusions reached, we deem it inapplicable and should not be followed.

The nearest approach to the facts herein involved are those in the case of Oklahoma Leader Co. v. Wells, 147 Okla. 294, 296 P. 751, where the proof of alleged accidental injury consisted of evidence of severe pain occasioned by reaching down for a pair of pliers, and in this case we said:

"There must be some accidental injury arising out of and in the course of employment. Taking the testimony of respondent in its most favorable light, it only tends to prove that the disability came on respondent while he was engaged in work for petitioner. It does not show any accident, any more than the normal actions of a normal man. There was no strain—no unusual or unforeseen movement of respondent. As stated in some of the cases, it is no less an accident when a man suddenly breaks down than when there is a like mishap to the machine he is operating. Nor is it a defense that the workman had some predisposing physical weakness, but for which he would not have broken down. If the employment was the cause of the collapse, in the sense that but for the work he was doing it would not have occurred when it did, the injury arises out of the employment. But the essential connecting link of direct causal connection between the personal injury and the employment must be established before the act becomes operative. The personal injury must be the result of the employment and flow from it as the inducing, proximate cause. The injury must be fairly traced to the employment as a contributing cause."

So in the case now before us, the most that can be said for respondent's evidence is that he sustained a muscular strain for no apparent reason except that he stooped over. To say that it was accidental merely because it was unexpected would be to authorize a judgment based upon conjecture,

surmise and speculation. This is not permissible, either to a jury, Industrial Commission, or a court. Under these circumstances, we conclude that there was no competent evidence before the commission on which to base its finding of accidental injury, and that therefore the commission was without jurisdiction to make any award. Having reached this conclusion it is unnecessary to discuss the other questions presented by the petitioner. The award of the State Industrial Commission must be vacated for want of any competent evidence to support it, with directions to dismiss for lack of jurisdiction.

Award vacated, with directions.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur.