## WESTERN GOOD ROADS SERVICE CO. et al. v. COOMBES et al.

No. 28660.   Oct. 31, 1939.

Jarman, Brown, Looney & Watts and Edgar Fenton, all of Oklahoma City, for petitioners.

Ray Teague, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. In this proceeding the Western Good Roads Service Company employer, and the National Mutual Casualty Company, insurance carrier, seek to vacate an award made by the State Industrial Commission in favor of G. F. Coombes, respondent.

On the 15th day of March, 1938, the respondent filed with the State Industrial Commission his first notice of injury and claim for compensation in which he stated that he was on his knees nailing down a poster in the Biltmore Hotel when he sustained an injury to his knee. The petitioners filed an objection to the jurisdiction of the State Industrial Commission alleging, first, that the nature of respondent's employment

was not hazardous within the Workmen's Compensation Law, and, second, that there was no accidental injury sustained by the respondent.

·The record discloses that respondent was an employee of the petitioner Western Good Roads Service Company, an advertising company, and the nature of his employment involved the placing of signs on the roads and highways and in places of business, in which employment he would often supervise the work done by other employees and 'on occasions assist in the erection of signs himself. On the 25th day of January, 1938, at about 6 o'clock in the evening, he went to the Biltmore Hotel, where some other employees had been engaged in placing a poster in the Biltmore Hotel and were still engaged in this work at the time the respondent reached the hotel; that he saw the need of wiring the bottom of the sign or poster to a nail, and in order to better secure it in position he kneeled down on a hardwood floor for the purpose of affixing the wire to the nail. When he started to rise he was unable to get his knee in its proper position for the reason that it had become dislocated, or, in the language of the respondent, had "fallen out of place." There was no untoward accident and no incident of unusual occurrence other than the kneeling down and getting up. Respondent testified that he had hurt his knee in 1924 and again in 1930; that he had a "trick knee;" that it would come out of place frequently, but after sitting a while or working with the knee it would return to place and had always gone back in place before the incident of January 25, 1938; that on January 15, 1938, while riding in his automobile on the streets of Oklahoma City, this knee came out of place.

Dr. Graening, of Von Wedel Clinic, operated on the knee about the 15th day of February, 1938, and it developed that there was a torn cartilage that was causing the knee to displace itself. This defect was repaired by the operation and Dr. Graening, on April 18, 1938, testified that aside from a slight limp there would be a complete recovery from the injury to the knee.

The petitioners urge that there is no competent evidence that the respondent sustained an accidental injury on January 25, 1938. With this contention we agree. Dr. Graening, the only medical expert witness called for the respondent, testified that in his opinion the disability resulted from a torn cartilage received when the accident happened. Although on his examination in chief he purported to establish an accidental injury on January 25, 1938, as related to him by a history of the case obtained from the respondent, and which formed the basis for his testimony as to the resulting disability, on cross-examination he explained that he got from the history furnished by the respondent that the respondent was climbing up and down. This witness admitted quite frankly that the incident detailed by the respondent in his testimony before the State Industrial Commission as kneeling down on the hardwood floor to tighten the wire did not tear the cartilage: that in all probability the cartilage was torn at some other time.

Although an expert medical witness may give the history of the patient and testify from such history (Eagle Picher Lead Co. v. Black, 164 Okla. 67, 22 P.2d 907; Bartlett-Collins Glass Co. v. Washabaugh, 166 Okla. 90, 26 P.2d 420), before the testimony of such witness that the disability results from the accident explained is competent to establish such disability, the evidence must disclose that the doctor assumed a set of facts substantially in the nature disclosed by the evidence on the hearing. Texas Co. v. Fox, 179 Okla. 528, 66 P.2d 908. It is so plain from a reading of the record that Dr. Graening assumed an accidental injury which would tear the cartilage of the knee that we are of the opinion, and hold, there is no competent evidence in the record by any physician or surgeon that the disability which the respondent sustained is the result of an accidental injury. This court has held that before there can be a disability under the Workmen's Compensation Law, sec. 13348, O. S. 1931, et seq., 85 Okla. St. Ann. §§ 1 et seq., there must be an accidental injury. St. Louis Mining & Smelting Co. v. State Industrial Commission, 113 Okla. 179, 241 P. 170; Texas Company v. Fox, supra; National Biscuit Co. v. Lout, 179 Okla. 259, 65 P.2d 497; Oklahoma Leader Co. v. Wells, 147 Okla. 294, 296 P. 751.

We are led to the conclusion that there is no competent evidence in the record tending to support the finding that the respondent sustained an accidental injury in the course of his employment which resulted in the disability found to exist.

The award is vacated.

BAYLESS, C. J., and RILEY, OSBORN, GIBSON, and DANNER, JJ., concur.