ARMOUR & CO. v. WORDEN et al.

No. 30149.   June 3, 1941.

*114 P. 2d 173.*

Butler & Rinehart, of Oklahoma City, for petitioner.

Priest & Belisle, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Armour & Company, hereinafter referred to as petitioner, to obtain a review of an award which was made by a trial commissioner of the State Industrial Commission in favor of Vernon H. Worden, hereinafter referred to as respondent.

The award was for eight weeks' compensation on account of temporary total disability and for an operation to correct a hernia condition. Said award was based upon a finding by the trial commissioner that the respondent while in the employ of the petitioner on September 6, 1940, had sustained an accidental personal injury which consisted of a strain and which had resulted in a right inguinal hernia.

The petitioner contends that the finding of a strain and that the hernia resulted from an accidental injury is wholly unsupported by any competent evidence shown in the record. The contentions so made are correct and must be sustained. Neither the respondent nor anyone in his behalf testified to any incident which would sustain the finding that the respondent had suffered a strain or any other type of injury accidental or otherwise, but at most merely established the fact that respondent while engaged in his ordinary duties became tired, fatigued, and sick. The testimony of the respondent himself in this connection, to use his own language, being, "I just got awfully tired, just like a strain working a little too much or too hard"; and likewise there is an absence of any medical testimony to connect the hernia, which respondent admittedly has, with any accidental injury sustained by the respondent at any time, and much less any evidence to show that the hernia was attributable to the incident testified to by the respondent when he became tired and fatigued.

Under the provisions of the Workmen's Compensation Act (O. S. 1931, § 13348 et seq., as amended, 85 Okla. St. Ann. § 1 et seq.) compensation is payable only in case of disability which results from a compensable accidental injury, and the term "accidental injury" is not to be given a narrow, restricted meaning, but is to receive a broad and liberal interpretation. Terminal Mill Co. v. Younger, 188 Okla. 316, 108 P. 2d 542; National Biscuit Co. v. Lout, 179 Okla. 259, 65 P. 2d 497; Ward v. Beatrice Creamery, 104 Okla. 91, 230 P. 872. Nevertheless it is essential that there be some proof of an injury sustained before a finding of such injury can be made. In the cause here under review the respondent wholly failed to offer any proof other than that he became sick in the course of his employment and on examination some days later was found to be suffering with a right inguinal hernia. The respondent does not testify to any sudden strain, pain, or injury, but merely testifies that he became excessively tired and fatigued. This, in the absence of some further evidence, would not justify a finding of accidental injury, since it is the common experience of mankind to

become tired and fatigued after engaging in physical exertion over a varying period of time. The evidence of the respondent was merely sufficient to show that he had thus become tired and fatigued and nothing more.

The disability which the medical witnesses on both sides found to exist was of such character as to require a determination of its nature, cause, and extent by skilled and professional persons, and therefore had to be proved by the testimony of such persons. St. Louis Mining & Smelting Co. v. State Industrial Commission, 113 Okla. 179, 241 P. 170; Shepard v. Crumby, 146 Okla. 118, 293 P. 1049; Williams Bros. v. State Industrial Commission, 158 Okla. 171, 12 P. 2d 896; Magnolia Pet. Co. v. Clow, 163 Okla. 302, 22 P. 2d 378. The evidence of the qualified persons, while in agreement upon the fact that the respondent was suffering from a disability, gave no explanation of its cause, origin, or that it had any connection with the tired and fatigued feeling which assailed the respondent on the afternoon of September 6, 1940. Under these circumstances the finding by the trial commissioner that the disability was the result of the injury could only be based upon surmise and conjecture and was wholly without any competent evidence to support it. This court is thoroughly committed to the rule that where there is an entire absence of competent evidence to support material findings of fact upon which an award is based, the award will be vacated on review as a matter of law. Tulsa Rig, Reel & Mfg. Co. v. Case, 176 Okla. 262, 55 P. 2d 777; Texas Co. v. Fox, 179 Okla. 528, 66 P. 2d 908; Barnsdall Oil Co. v. State Industrial Commission, 178 Okla. 289, 62 P. 2d 1031.

There being no competent evidence in the record to support either the finding of an accidental injury or that the disability was the result of any accidental injury, it becomes our duty to vacate the award as a matter of law.

Award vacated.

WELCH, C. J., and RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur.