**1800 RESTAURANT, Inc. et al. v. GOSSETT et al.**

**No. 36022.**

Supreme Court of Oklahoma.

Oct. 20, 1953.

Sanders & McElroy, Tulsa, for petitioners.

Elder & Francis, Tulsa, for respondents.

O'NEAL, Justice.

This is a proceeding brought by the employer and the insurance carrier, hereinafter called petitioners, to review an award made by the State Industrial Commission to Wayne Lee Gossett an employee of 1800 Restaurant, Inc., a corporation, in Tulsa, Oklahoma.

Claimant states that while engaged as a cook on the 12th day of December, 1952, he was working short-handed and doing the work of two employees when he sustained a hernia; that he believed his condition was due to the fact that he was attempting to do two men's work. When questioned by counsel for petitioner he stated that he did not strain himself or engage in any undue exercise on said date; that when he got home that night he felt as if he had received a cut in the region of his groin and upon examination it was revealed that there was a lump; that the next morning he attempted to contact the doctor but did not contact him until the 15th. It then developed that he had a right inguinal hernia. Dr. Fred A. Glass filed a report in which it is stated that claimant has a right inguinal hernia that can only be repaired by operation. In the statement filed by Dr. Glass there is no indication that the hernia resulted from strain or any other cause due to the employment of claimant.

438

Petitioners insist that the award is not supported by any competent evidence. With this contention we agreed. In Armour & Co. v. Worden, 189 Okl. 106, 114 P.2d 173, 174, it is stated:

"The disability which the medical witnesses on both sides found to exist was of such character as to require a determination of its nature, cause and extent by skilled and professional persons and therefore had to be proved by the testimony of such persons. St. Louis Mining & Smelting Co. v. State Industrial Commission, 113 Okl. 179, 241 P. 170; Shepard v. Crumby, 146 Okl. 118, 293 P. 1049; Williams Bros. v. State Industrial Commission, 158 Okl. 171, 12 P.2d 896; Magnolia Pet. Co. v. Clow, 163 Okl. 302, 22 P.2d 378. * * *"

It is necessary therefore that the award be vacated. We are of the opinion, however, that the cause should be remanded for further proceedings. It is fundamental that all parties have an opportunity to develop their case before the State Industrial Commission. On the 21st day of January, 1953, the claimant filed employee's first notice of injury and claim for compensation and in this form under the place for listing the cause of the accident we find the word "lifting." On the 27th day of January, 1953, Dorothy L. Carter, owner of the restaurant, filed employer's first notice of injury and stated "lifting the heavy pots and pans in the restaurant caused a hernia in the right draw" and stated under the extent of injury "hernia in the right draw." It is apparent from an examination of these instruments that both the employer and the claimant at the time they filed these instruments thought that claimant had sustained a hernia by reason of lifting heavy pots and pans. The evidence discloses that claimant has been a cook for 32 years. In pursuing his work as a cook and lifting heavy pots and pans it of course must occur to him that this is ordinary work and in the language of a layman it would not constitute any unusual strain. Claimant was not represented by counsel in the proceeding before the trial commissioner. At-torney for petitioners, as he had a right to do, pursued such questions as would tend to disclose that claimant did not sustain a hernia by reason of any strain. We are of the opinion, however, that this is a case in which the claimant should be permitted to develope the actual facts surrounding his work with the aid of counsel and be given an opportunity to offer in support medical testimony necessary to establish his claim.

The award is vacated and the cause remanded to the State Industrial Commission for further proceedings not inconsistent with the views herein expressed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON and WILLIAMS, JJ., concur.