CONTINENTAL BAKING CO. et al.
v.
STATE INDUSTRIAL COMMISSION et al.

No. 36037.

Supreme Court of Oklahoma.

March 2, 1954.

Rehearing Denied April 20, 1954.

Application for Leave to File Second Petition for Rehearing Denied June 15, 1954.

Crouch, Rhodes & Crowe, Oklahoma City, for petitioners.

Wm. G. Smith, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

This is an original proceeding in this court to review an award of the State Industrial Commission, made under the death benefit provisions of the Workmen's Compensation Law against the respondents therein, Continental Baking Company, the employer, and Liberty Mutual Insurance Company, its insurance carrier, in favor of the claimant, Della Anna Rankins, for the death of her husband, Ernest Clyde Rankins, the employee. The parties will be referred to as they appeared before the said Commission.

The deceased, Ernest Clyde Rankins, had worked for the respondent, Continental Baking Company, in its bakery in Oklahoma City for some twenty years. In about the year 1944, he developed a hernia which he had repaired. It recurred a year or two later and was again repaired. In the early part of July, 1951, he was working long hours and became very weak and fatigued. His wife, the claimant herein, testified that his hernia was giving him trouble and he bought and began wearing a truss. On July 23, 1951, he was fired for not reporting for overtime work. That was straightened out, however, in a conference with the different supervisory employees, and Rankins went back to work. On October 26, 1951, Rankins went to the doctor for treatment of a chest condition, a cold or asthma or both. He made several trips to the doctor's office, and on one of these, he complained of abdominal pains. The doctor then examined him and found that he had a hernia on the right side and a recurrent hernia on the left side. His chest was clearing up and repairing the hernias was discussed. This was put off

until his chest was entirely clear. On February 8, 1952, he was operated for such repair and, without regaining consciousness, he died on February 11, 1952, from a post-operative cerebral hemorrhage.

Claimant filed a claim for death benefits with the Commission on May 16, 1952, alleging an accidental injury to deceased on July 10, 1951, caused in the following manner: "While pulling heavy truck, slipped on slick floor causing double hernia" and that he "died following operation for hernia, without regaining consciousness". Respondents denied that deceased "sustained an accidental injury arising out of and in the course of his employment on July 10, 1951," and, further, that if "he did sustain an injury on said date, that he failed to report the same to the respondent or insurance carrier within the time and in the manner provided by statute * * *."

As to the occurrence of an accidental injury, the record discloses two items of proof. One was an item in deceased's handwriting in a small notebook found in his clothes after his death. It was, "On July 10 while pulling truck load of cup cake pans early in the morning the floor was slick." The other was the testimony of another employee who worked with deceased. As to an occurrence sometime in July, 1951, he testified, as follows:

"A. We were lifting some grease to put in the grease machine and got it up around shoulder high, he said wait a minute, set it down a minute, and he sat down and sat there a minute, said he had a hurting in his side and he got up and said OK let's go on, and I said how is your side and he said OK.

"By the court: Which side?

"By the witness: I can't say, sir.

"By the court: Did he hold either side, put his hand on it?

"By the witness: He put his hands on his side, I believe he had both hands.

"By the court: You don't know?

"By the witness: I am not sure exactly what side but I asked him the next night how he felt and he said OK

and the incident was dropped. He never complained or anything after that and the incident wasn't mentioned anymore.

"Q. Were you working there when he was fired? A. Yes, sir.

"Q. About how long before he was fired had this occurred? A. It was about two weeks approximately."

The deceased made no mention of any such occurrence in the medical history he gave to the doctor nor in that given to the hospital when he entered for the operation. The happening of an accidental injury was denied by respondent's production superintendent, foreman of the cake shop, night foreman of the bake shop and manager of the plant. All were superiors of the deceased, and all testified that, if he sustained any injury, they had no knowledge of it.

From an order of the trial commissioner denying an award, claimant appealed to the Commission en banc where the first order was vacated and an award made for death benefits. This action was brought to review that award.

 There is no testimony in the record that the hernias which were discovered by the doctor, in his examination of the deceased, the latter part of October or the first of November, were the results of what may have happened on July 10th. Although not in parallel with the testimony the medical witnesses were asked an hypothetical question founded upon the lifting of some 75 pounds. It was answered that if true such a lifting and the inability to complete the lift was when deceased had the original onset of the hernia. A few days after Rankins' death, the co-employee, who testified as above quoted, executed a signed statement in which he said:

" * * * During this time I did not see Clyde have an accident. He did not report an accident to me and did not complain about injuring his back, groin, chest or any part of his body. He did have asthma but other than this I thought he was in good health. * * *"

In a back injury case, Phillips Petroleum Company v. Eaves, 200 Okl. 21, 190 P.2d 462, this court held that:

"An award based upon evidence which does not reasonably tend to support the necessary finding that an accident occurred in the course of and arising out of employment covered by the Workmen's Compensation Law will be vacated."

In an earlier case, Armour & Co. v. Worden, 189 Okl. 106, 114 P.2d 173, 174, the Commission made an award for a hernia and, on review, this court vacated the award. In the opinion, it was said:

"Under the provisions of the Workmen's Compensation Act, O.S.1931, Sec. 13348 et seq., as amended, 85 Okl. St.Ann. § 1 et seq., compensation is payable only in case of disability which results from a compensable accidental injury and the term 'accidental injury' is not to be given a narrow, restricted meaning but is to receive a broad and liberal interpretation. Terminal [Oil] Mill Co. v. Younger, 188 Okl. 316, 108 P.2d 542; National Biscuit Co. v. Lout, 179 Okl. 259, 65 P.2d 497; Ward v. Beatrice Creamery, 104 Okl. 91, 230 P. 872. Nevertheless it is essential that there be some proof of an injury sustained before a finding of such injury can be made. * * *"

The Worden case, supra, was followed and relied on in the case of Veale Electric Co. v. Carmichael, 205 Okl. 287, 237 P.2d 457. It was there held:

"An award of the State Industrial Commission for compensation for hernia will, in the absence of any medical expert testimony that the same resulted from an accidental personal injury, be vacated by this court on review."

In the case at bar there is no testimony of medical men as to what caused the hernias which deceased had or when they were caused. Although a liberal construction should be placed on the Workmen's Compensation Act, it is necessary that there be competent evidence upon which to base a finding of an accidental personal injury, arising out of and in the course of the employment. Such testimony may be available but there is none in the record.

There is much merit in the other proposition presented by the petition here; namely, that the injured employee failed to give the employer written notice of any accidental injury and the claimant failed to establish an excuse for such failure as required by statute. 85 O.S.1951 § 24. Having reached the conclusion that the award must be vacated for the reason of lack of evidence to support it, this latter question need not be determined.

Award vacated.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.