1800 RESTAURANT, Inc. and Standard Insurance Company, Petitioners,

v.

Wayne Lee GOSSETT and the State Industrial Commission, Respondents.

No. 36730.

Supreme Court of Oklahoma.

Sept. 13, 1955.

Sanders & McElroy, Tulsa, for petitioners.

Elder & Francis, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Vice Chief Justice.

This is the second appeal involving the parties in this proceeding. The first one was disposed of in 1800 Restaurant, Inc., v. Gossett, Okl., 262 P.2d 437, 438. In vacating the award we stated:

"* * * We are of the opinion, however, that the cause should be remanded for further proceedings. It is fundamental that all parties have an opportunity to develop their case before the State Industrial Commission. On the 21st day of January, 1953, the claimant filed employee's first notice of injury and claim for compensation and in this form under the place for listing the cause of the accident we find the word 'lifting.' On the 27th day of January, 1953, Dorothy L. Carter, owner of the restaurant, filed employer's first notice of injury and

stated 'lifting the heavy pots and pans in the restaurant caused a hernia in the right draw' and stated under the extent of injury 'hernia in the right draw.' It is apparent from an examination of these instruments that both the employer and the claimant at the time they filed these instruments thought that claimant had sustained a hernia by reason of lifting heavy pots and pans. The evidence discloses that claimant has been a cook for 32 years. In pursuing his work as a cook and lifting heavy pots and pans it of course must occur to him that this is ordinary work and in the language of a layman it would not constitute any unusual strain. Claimant was not represented by counsel in the proceeding before the trial commissioner. Attorney for petitioners, as he had a right to do, pursued such questions as would tend to disclose that claimant did not sustain a hernia by reason of any strain. We are of the opinion, however, that this is a case in which the claimant should be permitted to develop the actual facts surrounding his work with the aid of counsel and to be given an opportunity to offer in support medical testimony necessary to establish his claim."

Claimant testified that on December 12, 1952, he was working alone as cook in the restaurant because a second cook had sustained an injury; he lifted heavy pots and pans, some of them weighing a hundred pounds or over; that when present the second cook helped in moving the pots and pans; that he quit work at 1 o'clock p. m. and went home and returned at 5 o'clock p. m. and worked until closing time when he again returned to his home. At about 8 o'clock in the evening he felt a stinging pain or sensation and upon examination thereafter it was discovered he had a right inguinal hernia.

Dr. A testified that claimant had a right inguinal hernia and in his opinion the hernia was due to lifting heavy pots and pans.

An award was entered for 14 weeks and an operation for hernia under the relative provisions of the statute and this proceeding is brought by petitioners to review the award.

As grounds for vacating the award petitioners insist that there is no competent evidence reasonably tending to support the finding of the Commission that the hernia resulted from the lifting of the pots and pans because there is no definite incident pointed out by claimant which caused the strain resulting in the hernia. Petitioners cite Western Good Roads Service Co. v. Coombes, 185 Okl. 599, 95 P.2d 633, and Armour & Co. v. Worden, 189 Okl. 106, 114 P.2d 173. In Armour and Co. v. Worden, supra, there was no strain of any kind mentioned or pointed out that resulted in hernia. There was no medical evidence that a strain caused a hernia. In Western Good Roads Service Co. v. Coombes, supra, the statement of the physician as to cause of the accidental injury and the statement of the claimant as to the cause thereof were contradictory. In the case under consideration the statement made by claimant to Dr. A is substantially the same as the statement made by the doctor in arriving at his conclusion that the hernia resulted from the lifting of the pots and pans.

We are committed to the rule that if there is any competent evidence reasonably tending to support the finding that a strain causes a disability there is competent evidence to sustain the finding that this constitutes an accidental injury. Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465.

Under the rule announced in City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094, and Burch v. Slick, 167 Okl. 639, 31 P.2d 110, and the holding in Choctaw County v. Bateman, supra, there is competent evidence reasonably tending to support the finding that claimant sustained an accidental injury arising out of and in the course of his employment.

Award sustained.

JOHNSON, C. J., and WELCH, CORN, DAVISON, BLACKBIRD and JACKSON, JJ., concur.