**FOUR STATES OIL and GAS COMPANY, and Standard Insurance Company, Petitioners,**

v.

**W. H. BRECHT and Oklahoma State Industrial Commission, Respondents.**

No. 36710.

Supreme Court of Oklahoma.

Nov. 22, 1955.

Rucker, Tabor & Cox, Robert L. Shepherd, Tulsa, for petitioners.

Finch & Finch, Sapulpa, Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.

W. H. Brecht, hereinafter called claimant, filed his first notice of injury and claim for compensation, stating that on June 5, 1953, while employed as a driller for the Four States Oil and Gas Company, he sustained an accidental injury resulting

in a hernia. An award was made by the State Industrial Commission and this proceeding is brought by the Four States Oil and Gas Company, employer, and its insurance carrier, Standard Insurance Company, hereinafter called petitioners, to review the award.

The evidence discloses that claimant had formerly sustained a hernia which had been corrected by an operation; that he had been constantly employed by the petitioner Four States Oil and Gas Company since recovering from the operation July 1, 1952; that Dr. M. performed the operation in 1952; that on June 5, 1953, there was a recurrence of this hernia; that on said date he was pulling rods in a well owned by the employer; that this was heavy work; that he was forced to take an unusual number of steps and that when he got home and changed clothes he found the hernia had reoccurred. On Monday, June 8, 1953, he notified one of the members of the company that the hernia had reoccurred; that he worked until December 23, 1953, at which time he stopped and was placed in a hospital, and was operated by Dr. M. the same doctor who performed the operation in July, 1952. This operation was performed January 4, 1954.

Petitioners present four propositions, and in the second it is contended that there is no competent evidence to sustain the finding of the State Industrial Commission that on or about June 5, 1953, claimant sustained an accidental injury resulting in a hernia. With this contention we agree. Dr. M. filed the only medical report in the case. It is the only evidence offered by medical experts of any disability resulting from an accidental injury. It is to the effect that he operated claimant for the 1952 injury; that on June 21, 1952, there was an operation by another doctor in Sapulpa for a stomach condition; that on June 5, 1953, the hernia formerly sustained reoccurred and that on December 19, 1953, he developed a rupture in the incision made by the doctor in Sapulpa, and that on January 4, 1954, Dr. M. reoperated for the hernia formerly sustained and which had reoccurred; that there was a sac of about one inch in length and two-thirds of an inch in diameter, and that he also operated the hernia in the ruptured incision caused by the operation of the Sapulpa doctor.

There is a total lack of any evidence disclosing what caused the hernia to reoccur on or about June 5, 1953. We have repeatedly held that there must be medical evidence of the cause of the condition resulting from an accidental injury in cases of this nature. Continental Baking Co. v. State Industrial Commission, Okl., 271 P.2d 379; Armour & Co. v. Worden, 189 Okl. 106, 114 P.2d 173. In Armour & Co. v. Worden, supra, it is stated:

"When a disability for which compensation is sought is of such character as to require a determination of its nature, cause and extent by skilled and professional persons, proof thereof must be made by the testimony of such persons.

"Where there is an entire absence of any competent evidence upon which to base a material finding of the State Industrial Commission necessary to support an award of compensation, this court will declare as a matter of law that an award based upon such unsupported material finding is unauthorized and will vacate the same. Tulsa Rig, Reel & Mfg. Co. v. Case, 176 Okl. 262, 55 P.2d 777."

The award of the State Industrial Commission is vacated and the cause remanded to the Commission for further proceedings consistent with the views herein expressed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY, JACKSON, and HUNT, JJ., concur.

BLACKBIRD, J., dissents.