James E. MONDAY, Petitioner,

v.

CONCHO SAND & GRAVEL COMPANY, The Travelers Insurance Company and State Industrial Commission, Respondents.

No. 37813.

Supreme Court of Oklahoma.

Nov. 25, 1958.

Hughes & Hughes, Hobart, for petitioner.

Looney, Watts, Looney & Nichols, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

This is an original proceeding in this court brought by James E. Monday to review an award in his favor, as claimant, made by the State Industrial Commission against his employer, Concho Sand and Gravel Company, as respondent, and The Travelers Insurance Company, its insurance carrier. The claimant has asked for a review of the award because of its inadequacy and because of the insufficiency of the evidence to support it. The parties will be referred to as they appeared before said Commission.

The claimant suffered an accidental personal injury arising out of and in the course of his employment by the respondent when he slipped and fell a few feet while getting into the cab of a crane. His injury consisted of a damage or fracture of a spinal disc in his back. The award from which this proceeding emanated was for 25% disability to the body as a whole. Claimant's position is that there is no evidence to support an award of that amount. The medical evidence consisted of the written reports and oral testimony of three doctors. They were all in agreement that claimant's condition would continue to deteriorate unless an operation was performed to repair the damage; that such an operation was major surgery with some very minor possibility of death; that in 85% to 90% of the cases operated the disability was materially decreased.

Claimant refused to submit to surgical treatment. A period of some eighteen months intervened between the time of the injury and the final order appealed from and during that period claimant's condition continued to worsen. He had been unable to do any manual labor during that time. Two of the doctors testified that he was totally disabled insofar as performing ordinary manual labor was concerned and that without an operation, he would continue to get worse because of the pain and also because of increasing nervousness and constant tremor of the muscles of his head, shoulders and upper arms. The other doctor had made a report a few months after the injury in which he fixed the disability at 25% to the body as a whole with the opinion that an operation would reduce the disability to between 10% and 15%. The

same doctor re-examined claimant a few months before the final order and testified that claimant was then some 35% disabled which he attributed as 25% to the accident and 10% to claimant's mental condition.

■ It was upon this testimony that the award of 25% total disability was made by the Commission which claimant seeks to vacate in this proceeding on the ground that there is no evidence to support it. In the case of K. Lee Williams Theatres, Inc., v. Mickle, 201 Okl. 279, 205 P.2d 513, the claimant had refused an operation for an injury almost identical to that suffered by the claimant here. It was there held that:

"The State Industrial Commission is without jurisdiction to order the injured employee to submit to a major operation involving a risk of life, however slight, merely in order that the pecuniary obligations created by the law in his favor against his employer may be minimized."

That holding followed the decisions in the cases of Henly v. Oklahoma Union Railway Company, 81 Okl. 224, 197 P. 488, 18 A.L.R. 427, and City of Tulsa Water Department v. Barnes, 170 Okl. 601, 41 P.2d 809. In harmony with that rule, the Commission was correct in the instant case in refusing to require claimant to submit to the operation over his objections.

■ As to the amount of the award, the rule has always been followed in this jurisdiction (founded upon statute) that the finding of the Commission as to the cause and extent of claimant's disability is final and will not be disturbed if reasonably supported by any competent evidence. It is unnecessary to cite the long list of cases following that rule. But it is equally well established that:

"Where there is an entire absence of any competent evidence upon which to base a material finding of the State Industrial Commission necessary to support an award of compensation, this court will declare as a matter of law that an award based upon such unsup-

ported material finding is unauthorized and will vacate the same."

Four States Oil & Gas Company v. Brecht, Okl., 290 P.2d 422.

■ In the case now before us there was no medical testimony supporting an award of 25% disability. One doctor testified that claimant's disability was 35%. The other two doctors fixed the disability at 100%. All agreed that without an operation such disability was permanent. It, therefore, becomes necessary for this court to vacate the award in order that the Commission may fix the same in such an amount as is warranted by the evidence heretofore produced and such as may be produced upon further hearing.

The award is vacated.

HALLEY, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.

CORN, V. C. J., dissents.