**BETHLEHEM SUPPLY COMPANY,**
Petitioner,

v.

**Robert E. LEE and State Industrial Court,**
Respondents.

No. 38619.

Supreme Court of Oklahoma.
March 22, 1960.

Covington, Donovan & Gibbon, Tulsa, for petitioner.

Fred L. Patrick, Sapulpa, for respondent, Robert E. Lee.

Mac Q. Williamson, Atty. Gen., Richard M. Huff, Asst. Atty. Gen., for respondent, State Industrial Court.

JOHNSON, Justice.

This is an original proceeding by Bethlehem Supply Company, petitioner, to obtain a review of an award entered by the State Industrial Court in favor of Robert E. Lee, employee-claimant, granting him compensation for 14 weeks at $35 per week and all necessary medical expenses incurred for the operative repair of a hernia. The order complained of rests on this finding:

> "That claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent (petitioner herein), within the terms and meaning of the Workmen's Compensation Law, on March 3, 1958, consisting of injury to his right inguinal region, resulting in a hernia."

On appeal to the State Industrial Court, sitting en banc, the award was adopted and affirmed, with two judges dissenting. Urging that the award be vacated, petitioner asserts the State Industrial Court erred as a matter of law, as there is an entire absence of competent evidence connecting claimant's hernia with any accidental injury.

In his application for compensation filed on October 16, 1958, claimant states that on October 1, 1958, while "lifting bearing carrier" he sustained an accidental injury which resulted in aggravation of a hernia and rendered surgery necessary. Petitioner's answer avers claimant was not engaged in its plant on the date of the alleged injury and did not have an accident arising out of and in the course of his employment.

The evidence discloses claimant had remained in the continuous employ of petitioner's foundry department from July, 1950, to March 5, 1958. On the latter date he was dismissed due to a temporary reduction in labor force. Sometime in 1951 he had developed a skin rash attributable to a fungus infection. While he was under medical treatment for this condition, Dr. C., a company physician, discovered on July 30, 1951, "a right inguinal hernia of several months' duration." This information was communicated to both claimant and the employer.

Following his discharge in March, claimant had an interview with the personnel manager of the plant which took place early in April, 1958. At that time he was advised company policy required that all workmen be given a physical examination before they are rehired. If a pre-placement medical check should disclose him to suffer from a rupture, the manager cautioned, claimant would most likely be ineligible for re-employment. A suggestion was made after this explanation that he should have his condition corrected during the lay-off period.

Early in September, 1958, claimant presented himself to a company doctor for a pre-employment physical examination. He was told the hernia must be repaired before his resumption of regular duties at the plant. A month later he submitted to an operation by Dr. B., a private physician, and later returned to petitioner's employ in the forepart of December.

At the hearing claimant stated the aggravation of hernia for which compensation is sought occurred on March 3, 1958, rather than on October 1, as shown in Form 3. The record does not show, however, any circumstances which attended such injury. In his testimony claimant merely described the physical activities he engaged in at the foundry on the day in question. He did not relate how he was hurt or in what manner the injury manifested itself. Dr. B., whose report constitutes the only medical evidence in the record, states in pertinent part as follows:

"I first saw Mr. Lee on March 11, 1958, *with a complaint in the right inguinal region of several years' duration. During the preceding six months the mass had seemed to be getting larger and occasionally caused some pain when he did heavy work.* A right indirect inguinal hernia was diagnosed and the patient advised to have the hernia surgically repaired.

"*I did not see him again until September 18, 1958, at that time he stated* *he had been recalled to work but after a physical examination he was advised that the hernia would have to be repaired before he could resume his job.*" (Emphasis ours.)

It is readily apparent the report does not give a history of any accident on March 3, nor does it express an opinion as to the cause of claimant's condition on initial examination by Dr. B. So far as the record discloses, the doctor did not know what type of work claimant performed on the day he alleged to have received an aggravation. Neither is there any mention or finding in the report of an unusually enlarged, tender or swollen rupture so as to indicate an exacerbation or aggravation of the protrusion due to recent strain or overexertion.

 To be compensable hernia must be the result of an accidental injury. The mere presence of a rupture over a period of time while employment status subsisted will not justify an inference that such condition originated from accidental causes. There must be proof of a strain to which hernia is sought to be attributed. Such evidence must further be fortified by medical testimony that the strain resulted in a hernia or its aggravation. In the absence of expert proof showing hernia related to an accidental personal injury, an award granting compensation therefor will be vacated on review. Four States Oil & Gas Co. v. Brecht, Okl., 290 P.2d 422; Continental Baking Co. v. State Industrial Commission, Okl., 271 P.2d 379; Veale Electric Co. v. Carmichael, 205 Okl. 287, 237 P.2d 457; Gillette Motor Transport, Inc. v. Holbrook, 202 Okl. 481, 215 P.2d 836; Armour & Co. v. Worden, 189 Okl. 106, 114 P.2d 173; Beu v. M & P Stores, Inc., 187 Okl. 465, 103 P.2d 505.

In Continental Baking Co. v. State Industrial Commission, supra, we held:

"Although a liberal construction should be placed on the Workmen's Compensation Act, it is necessary that there be competent evidence upon

which to base a finding of an accidental personal injury, arising out of and in the course of employment."

There is an absence of competent proof upon which to base the finding of the State Industrial Court that on March 3, 1958, claimant sustained an accidental injury resulting in a hernia.

Claimant argues, however, that the evidence is sufficient to support the finding of an accidental injury and cites as supporting authorities the case of Acme Material Co. v. Wheeler, Okl., 278 P.2d 234, and others of similar import; but from our examination of them we are of the opinion that they have no bearing on the question of the sufficiency of the evidence here and are not in point.

Hernia attributable to a strain may constitute an accidental injury within the meaning of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., where it results from the cumulative effect of trauma occurring on different occasions over an extended period of time, but the condition ultimately arises by some definite event, even though disability manifests itself while employee was doing his work in the usual and ordinary manner required in the performance of his duties. Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465; Liberty Glass Co. v. Guinn, Okl., 265 P.2d 493; Acme Material Co. v. Wheeler, supra; Calhoun Construction Co. v. Sexton, Okl. 288 P.2d 705. Nevertheless, we reiterate, the factum of such strain which constitutes the accidental injury must be shown by some proof and must be fortified by expert medical testimony that the strain caused the disability for which compensation is sought. Such evidence may be available in the cause at bar, but the record fails to disclose it.

The award of the State Industrial Commission is vacated without prejudice to further proceedings consistent with the views herein expressed. Four States Oil & Gas Co. v. Brecht, supra.